440 F.2d 811
 James M. FILES, Arlene Magnuson, Leonard Green & George
Didier, Plaintiffs-Appellants,
v.
CITY OF ROCKFORD, City of Rockford Board of Election
Commissioners, Andrew J. Doyle, Marshall R. Wedman & Richard
A. Reese, as members of the Board of Election Commissioners,
John A. Anderson, Alderman 6th Ward, City of Rockford,
Benjamin T. Schleicher, Mayor of Rockford, Phillip Reinhard,
State's Attorney, County of Winnebago, and Richard H.
Lyford, Defendants-Appellees.
 No. 18234.
 United States Court of Appeals, Seventh Circuit.
 March 8, 1971.
 
 William E. Schirger, Knight, Ingrassia & Schirger, Rockford, Ill., for plaintiffs-appellants.
 William J. Scott, Atty. Gen., Donald J. Veverka, Asst. Atty. Gen., Chicago, Ill., Philip G. Reinhard, Stanley H. Guyer Rockford, Ill., for defendants-appellees; Francis T. Crowe, Asst. Atty. Gen., of Counsel.
 Before KILEY, PELL and STEVENS, Circuit Judges.
 PELL, Circuit Judge.
 
 
 1
 This is an appeal by the plaintiffs from the district court's dismissal of their amended four count complaint.
 
 
 2
 Counts I, II and III alleged generally that certain violations of the Illinois Election Code occurred during the city election held in Rockford, Illinois on April 1, 1969. The alleged violations, as well as other alleged improprieties in connection with the election, are charged to most of the defendants in their capacities as various officials of the City of Rockford. Jurisdiction is claimed under 28 U.S.C. 1343 based on alleged violations of 42 U.S.C. 1983, 1985 and 1968.
 
 
 3
 Count IV is by the plaintiff, Didier, against the defendant Reinhard, State's Attorney of Winnebago County, Illinois, and defendant Lyford, successful aldermanic candidate in the challenged election. Didier seeks an injunction against pending state prosecution brought against him for a claimed violation of Illinois Revised Statutes, Chapter 46, 26-1 (1967).
 
 
 4
 The threshold contention of the defendants is that this court is without jurisdiction to entertain the appeal because notice of appeal was not timely filed by the plaintiffs.
 
 
 5
 The factual situation with regard to this question is as follows.
 
 
 6
 The order dismissing the complaint in this cause was entered October 6, 1969 in open court. All parties were present in court by counsel. There is no contention that the clerk failed to give notice of the entry of said order to attorneys for all parties. See Rule 77(d), Fed.R.Civ.p.
 
 
 7
 On November 10, 1969, the plaintiffs, with advance notice to the defendants, filed their motion for an order extending the time for filing the record and docketing the appeal in the office of the clerk of this court to and including December 5, 1969. The motion stated that the reason for the requested extension was 'that there are numerous parties involved in this case and that there are attorneys from Chicago, Northern Illinois, and Indiana, working on this case and it is difficult to make arrangements for the scheduling of briefs and conferences, * * *' On November 14, 1969, the district court extended the time for docketing the record on appeal to December 5, 1969. No request was made in the motion filed on November 10, 1969 for an extension of time within which to file the notice of appeal although more than thirty days had expired since the entry of the order of dismissal from which presumably plaintiffs intended to appeal.
 
 
 8
 On December 4, 1969, plaintiffs, again with advance notice to defendants, filed their motion, moving the court to vacate its order of November 14, 1969 and enter an order extending the time for filing the record and docketing the appeal in the cause to and including January 30, 1970 and for leave to file instanter their notice of appeal.
 
 
 9
 The only reference in the motion to a reason in support thereof was the following statement, 'The reason for the requested extension is that there are numerous parties involved in this case and that there are attorneys from Chicago, Northern Illinois, and Indiana, working on this case and it is difficult to make arrangements for the scheduling of briefs and conferences, * * *' The motion contained no supporting reasons in terms for permitting the filing of the notice of appeal on an instanter basis.
 
 
 10
 Although the district court's memorandum order of December 4, 1969, in response to plaintiff's motion, contained only the words 'Enter order,' apparently the motion was granted as prayed. No indication was given therein of any reason supporting permission for instanter filing of the notice of appeal.
 
 
 11
 On February 17, 1970, the defendants filed in this court their motion to dismiss the appeal on the ground that no excusable neglect had been shown pursuant to Rule 4(a), Fed.R.App.P., and that therefore notice of appeal was not timely filed.
 
 
 12
 A single judge of this court denied the motion at the time and the matter presented by the motion to dismiss, as well as other points raised on the appeal, were briefed and heard by a regular three judge panel of this court.
 
 
 13
 Rule 3(a), Fed.R.App.P., provides in part as follows:
 
 
 14
 'An appeal permitted by law as of right from a district court to a court of appeals shall be taken by filing a notice of appeal with the clerk of the district court within the time allowed by Rule 4. Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the court of appeals deems appropriate, which may include dismissal of the appeal.'
 
 
 15
 Rule 4(a), Fed.R.App.P., provides that the notice of apeal required by Rule 3 shall be filed with the clerk of the district court within thirty days of the date of the entry of the judgment order appealed from. This rule also provides the following:
 
 
 16
 'Upon a showing of excusable neglect, the district court may extend the time for filing the notice of appeal by any party for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision. Such an extension may be granted before or after the time otherwise prescribed by this subdivision has expired; but if a request for an extension is made after such time has expired, it shall be made by motion with such notice as the court shall deem appropriate.'
 
 
 17
 Rule 4(a), Fed.R.App.P., which was effective July 1, 1968, was, according to the Advisory Committee's note, derived from Rule 73(a), Fed.R.Civ.P., without any change of substance.
 
 
 18
 The history of the development of rules pertaining to the time of appeal is traced in 9 Moore's Federal Practice P203.21 et seq. (2d ed. 1970). The original Rule 73 as promulgated in 1937 contained no time limitation, that being regulated at the time in the case of civil appeals by statute. In 1946, Rule 73(a) was amended to include the present thirty days which shortened the time formerly allowed for most appeals. The amendment also provided, '* * * except that upon a showing of excusable neglect based on a failure of a party to learn of the entry of the judgment the district court in any action may extend the time for appeal not exceeding 30 days from the expiration of the original time herein prescribed.' Id., P203.24(2), at 773.
 
 
 19
 In the 1966 amendment the phrase 'based upon a failure of a party to learn of the entry of the judgment' was eliminated. According to the committee note, this 'empowers the district court to extend the time upon a showing of excusable neglect of any kind. In view of the ease with which an appeal may be perfected, no reason other than failure to learn of the entry of judgment should ordinarily excuse a party from the requirement that the notice be timely filed. But the district court should have authority to permit the notice to be filed out of time in extraordinary cases where injustice would otherwise result.' Id., P203.25(3), at 783.
 
 
 20
 Compliance with the time requirement on appeal has repeatedly been held to be mandatory and jurisdictional and if notice is not filed within the time provided, the right to appeal is lost. Howard v. Local 74, 208 F.2d 930, 932 (7th Cir. 1953). See also United States v. Robinson, 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960); and Winchell v. Lortscher, 377 F.2d 247 (8th Cir. 1967).
 
 
 21
 Rule 73 was intended to expedite appeals and guard against dilatory tactics and should be liberally construed to accomplish this purpose. However, an extremely important provision of Rule 73(a) 'makes only the timely filing of the extremely simple notice of appeal a 'jurisdictional' step.' 3A Barron & Holtzoff-Wright, Federal Practice & Procedure 1551, at 54 (1961).
 
 
 22
 The basic rationale for insistence upon timely filing is the necessity for providing a precisely ascertainable point of time at which litigation comes to an end.
 
 
 23
 An apparent exception to strict application in this area is found in what has been termed 'unique circumstances.' This is discussed in 4 Wright & Miller, Federal Practice & Procedure 1168, at 636 (1969). The principle of unique circumstances in connection with appeal time was first enunciated by the Supreme Court in the case of Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc., 371 U.S. 215, 83 S.Ct. 283, 9 L.Ed.2d 261 (1962). Other cases reaching a similar result, including Eady v. Foerder, 381 F.2d 980 (7th Cir. 1967), are discussed in 4 Wright & Miller, supra, 1168. An examination of the cases, however, indicates that the unique circumstances concept is based on a theory similar to estoppel. Thus in Harris, the appellant requested and received an extension of time before the expiration of the original time in which to file the notice of appeal. If the extension had been denied he could still have filed the simple notice of appeal. The Supreme Court held that having relied upon the trial judge's finding of excusable neglect prior to the expiration of the thirty day period, he should not suffer reversal of the finding on appeal. The record, stated the court, contained a showing of unique circumstances sufficient that the court of appeals ought not to have disturbed the motion judge's ruling. 371 U.S. at 217, 83 S.Ct. 283. As pointed out in 4 Wright & Miller, supra, at 639, when viewed in the estoppel perspective, modification of the rule undoubtedly serves the interests of justice.
 
 
 24
 In the case before us we find no unique circumstances and our determination must be confined to whether there was any showing excusable neglect.
 
 
 25
 The matter of what constitutes excusable neglect is discussed in 9 Moore's Federal Practice P204.13(1), at 971-974 (2d ed. 1970), as follows:
 
 
 26
 'The Advisory Committee Note to the 1966 amendment to former Rule 73(a) does not indicate what grounds other than failure to learn of entry of judgment will support a finding of excusable neglect, noting only that the district court should be empowered to extend the time for other reasons 'in extraordinary cases where injustice would otherwise result.' The Committee Note to a corresponding change to former Rule 37(a)(2) of the Federal Rules of Criminal Procedure, which for the first time authorized the district court to extend the time for appeal in a criminal case, gives some indication of the circumstances under which extension of time may, in the discretion of the district court, be granted in civil cases as well. The cases referred to in the Committee Note accompanying former Rule 37(a)(2) as illustrative of the need for limited authority in the district court to extend the time for appeal involve disability of the person to whom the notice had been entrusted for filing by reason of sudden illness, and unusual and uncontrollable delay in transmission by mail. Other grounds which suggest themselves are the death of a party entitled to appeal before the appeal is taken, or the death or disability of the attorney for a party, under circumstances which prevent the timely filing of a notice of appeal. But it must be emphasized that in the terms of the Committee Note, 'no reason other than failure to learn of the entry of judgment should ordinarily excuse a party,' and that in cases not involving failure to learn of entry of judgment, the district courts may and should restrict extensions of time for filing the notice of appeal in civil cases to 'extraordinary cases where injustice would otherwise result.'
 
 
 27
 The relatively few cases that have thus far interpreted the excusable neglect provision now found in Rule 4(a) shed some light on it. Predictably, it has been held that the heavy work load of counsel that caused him to overlook the time for appeal does not constitute excusable neglect. Nor is counsel's unfamiliarity with local practice excusable neglect.'
 
 
 28
 An examination of the record in the matter before us fails to show any basis whatsoever for excusable neglect. The only reason conceivably advanced in support of the motion for filing the notice of appeal instanter was that there were numerous parties involved in the case and that there were attorneys from several areas working on the case and that it was difficult to make arrangements for the scheduling of briefs and conferences. As a matter of fact, this reason, if it be such, would apparently have pertained only to the extension requested for filing the record and docketing the appeal, as the motion to file the notice of appeal was to file it instanter. The reason advanced was 'for the requested extension' and thus it appears that no reason was given whatsoever for the filing of the notice of appeal instanter.
 
 
 29
 Also, while the amended complaint purported to state a class action, there were only four named plaintiffs. Further, two attorneys, apparently partners in the practice of law at Rockford, were the only attorneys filing pleadings, the later motion for extension and the briefs in this court. We have hereinbefore referred several times to the fact that a notice of appeal is an extremely simple instrument to prepare and file and if it is subsequently ascertained that an appeal should not be pursued it can be dismissed. 9 Moore's Federal Practice P204.13(3), at 978 (2d ed. 1970).
 
 
 30
 Even if the motion filed November 10, 1969 were to be construed as being a notice of appeal, it failed to show any excusable neglect and itself was not filed within the thirty days after the entry of the order.
 
 
 31
 Further, we note that Rule 4(a), Fed.R.App.P., requires that when an extension is requested following the expiration of the initial thirty day period, it must be by motion which brings into play Rule 7(b)(1), Fed.R.Civ.P., to the effect that a motion '* * * shall state with particularity the grounds therefor, * * *'
 
 
 32
 If the court were to assume jurisdiction here on the basis of the record before us, we would in effect be amending Rule 4(a), Fed.R.App.P., so as to provide an automatic sixty day period within which to file the notice of appeal. This is not our province nor indeed is it our ability to do so.
 
 
 33
 Casting this substantial doubt on the finality of judgments would increase the burdens of an already overloaded federal judiciary. 9 Moore's, supra, P204.13(2), at 978.
 
 
 34
 Harris Lines v. Cherry Meat Packers, supra, 371 U.S. at 217, 83 S.Ct. 283, requires that in a matter of this sort great deference should be given to the district court. This plus our own desire wherever reasonably possible to determine matters on the merits has caused us to give the consideration we have to the threshold contentions of the defendants. Inasmuch as it appears to us that no showing has been made by the plaintiffs justifying their belated appeal, we must perforce find that the district court in granting the motion to file the notice of appeal did exceed the wide latitude which we feel should be accorded to the district court in determining excusable neglect.
 
 
 35
 We therefore upon reconsideration of the motion to dismiss heretofore filed, now finding that we are without jurisdiction, sustain said motion to dismiss.
 
 
 36
 We think it not inappropriate to observe, however, that we have examined the other matters raised on this appeal and do note the conclusory nature of the allegations of Counts I, II and III. With regard to Count IV, we note that 28 U.S.C. 2283 prohibits federal courts from restraining already instituted state proceedings except as authorized by Congress or where necessary in aid of the court's jurisdiction or to protect or effectuate its judgment. This court has held that the Civil Rights Act, 42 U.S.C. 1981 et seq., does not suspend or modify the anti-injunction statute. Boyle v. Landry, 422 F.2d 631, 634 (7th Cir. 1970). During oral argument, counsel for the state's attorney indicated that prosecution of Didier for the alleged violation of Ill.Rev.Stat. ch. 46, 26-1 (1967), would be initiated promptly. Under these circumstances it would not appear that the state prosecution would cause irreparable harm by an extensive chilling of free exercise of First Amendment rights sufficient to justify federal intervention.[1]
 
 
 37
 Because of the disposition of this attempted appeal on the grounds hereinbefore set out, it is not necessary for us to give other or further consideration to the additional points raised in the briefs. Appeal dismissed.
 
 
 
 [1]
 At the time this opinion was in the process of final preparation, the Supreme Court in several allied decisions, Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669; Boyle v. Landry, etc., 401 U.S. 77, 91 S.Ct. 758, 27 L.Ed.2d 696 (1971), made it clear the relief sought in Count IV was not one properly a basis for federal jurisdiction