556 F.2d 818
 Rosa Guardiola MARTINEZ, on behalf of herself and her minor
child, Melissa, et al., Plaintiffs-Appellees,
v.
James L. TRAINOR, Individually and in his capacity as
Director of the Illinois Department of Public Aid,
Defendant-Appellant.
 No. 77-1225.
 United States Court of Appeals,
Seventh Circuit.
 Submitted April 12, 1977.
Decided April 25, 1977.*
 
 William J. Scott, Atty. Gen., Chicago, Ill., for defendant-appellant.
 Robert E. Lehrer, James D. Weill, Legal Assistance Foundation of Chicago, Chicago, Ill., Vincent H. Beckman, Bruce L. Goldsmith, Illinois Migrant Legal Assistance Project, Chicago, Ill., for plaintiffs-appellees.
 Before SWYGERT and WOOD, Circuit Judges, and CAMPBELL, Senior District Judge.**
 PER CURIAM.
 
 
 1
 This case is an appeal from a final judgment entered November 11, 1976 granting Plaintiffs' Motion for Summary Judgment on the issue of the validity of the State of Illinois' Caretaker Relative Program. In effect, the Declaratory Judgment of the district court declared the policy and practice of the Department of Public Aid of denying public assistance benefits under Title IV-A of the Social Security Act to otherwise eligible persons, solely because the mother was under twenty-one, a violation of the Act.
 
 
 2
 On November 22, 1976, the defendant served and filed a document entitled "Motion to Amend, Alter, or Vacate the Declaratory Judgment," pursuant to F.R.C.P. 59(e), and noticed the motion for Monday, November 29, 1976, which was the soonest day thereafter at which the motion could be heard. On November 29, the defendant moved for leave to file a Memorandum in support of the 59(e) motion. The district court received the Memorandum over plaintiffs' objections, but granted them leave to file a response objecting to the filing of the motion[1] and the supporting Memorandum as untimely. After being fully briefed by both sides, the district court denied the 59(e) motion on December 27, and shortly thereafter, on January 13, 1977, the notice of appeal was filed by the defendant. On March 11, the plaintiffs-appellees filed a Motion to Dismiss on the grounds that the filing of the notice of appeal was untimely; a response thereto was filed on March 24.
 
 
 3
 Rule 4 of the Federal Rules of Appellate Procedure requires that the notice of appeal be filed within thirty days from the judgment appealed. Timely filing of a notice of appeal is "mandatory and jurisdictional," United States v. Robinson, 361 U.S. 220, 224, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960), and cannot be extended by the appellate court. F.R.A.P. 26(b). Absent some act tolling or terminating the running of his appeal time, the State Director's time to appeal thus expired on December 13, 1976, one month before the Director filed his notice. At issue here is whether or not the 59(e) motion, which is one of the methods enumerated in F.R.A.P. 4 for tolling the thirty day period, was effective in staying the running of the appeal time.
 
 
 4
 In its entirety, the motion served and filed on November 22, 1976 stated:
 
 
 5
 "NOW COMES the Defendant James L. Trainor, Director, ILLINOIS DEPARTMENT OF PUBLIC AID, by and through his attorney, WILLIAM J. SCOTT, Attorney General of Illinois, requests this Honorable Court, pursuant to Rule 59(e) FRCP, to alter, amend, or vacate the Declaratory Judgment entered November 11, 1976." (R.52)
 
 
 6
 Appellees claim that this motion with its skeleton declaration was not a proper motion and therefore was not adequate to suspend the finality of the judgment.
 
 
 7
 Rule 7(b)(1) of the Federal Rules of Civil Procedure provides that all applications to the court for orders shall be by motion, which unless made during a hearing or trial, "shall be made in writing, (and) shall state with particularity the grounds therefor, and shall set forth the relief or order sought." (Emphasis added). The standard for "particularity" has been determined to mean "reasonable specification." 2-A Moore's Federal Practice, P 7.05, at 1543 (3d ed. 1975).
 
 
 8
 The defendant-appellant suggests that the motion on its face is sufficient in that it informed the plaintiffs that the State wanted the court to reconsider its prior ruling. While this may be true, it is irrelevant to the "particularity" requirement but instead satisfies the "relief or order sought" criteria of Rule 7(b)(1). Looking at the motion, it is apparent that the defendant failed to state even one ground for granting the motion and thus failed to meet the minimal standard of "reasonable specification."
 
 
 9
 In the alternative, defendant suggests that the supporting brief filed one week later detailed the reasons for the motion and that this later filing satisfies the "particularity" requirement. In effect, defendant wants this Court to view the Memorandum as amending the November 22 motion. Were we to accept this view we would in effect be permitting an extension of time under Rule 6(b) of the Federal Rules of Civil Procedure. This we cannot do for two reasons. First, amendments are not allowed unless they consist of an elaboration of a ground already set out in the original motion. Secondly, if a party could file a skeleton motion and later fill it in, the purpose of the time limitation would be defeated. "Casting this substantial doubt on the finality of judgment would increase the burdens of an already overloaded federal judiciary." 9 Moore's Federal Practice, P 204.13(2), at 978.
 
 
 10
 Since the State Director did not take his appeal within thirty days from the entry of the judgment, nor file and serve a proper and timely motion under Rule 59(e), his right to appeal the district court decision is lost.
 
 
 11
 There is one limited exception to the rules that filing of an untimely F.R.C.P. 59 motion will not terminate the appeal time. In Thompson v. Immigration & Naturalization Service, 375 U.S. 384, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964), it was held that where a litigant relies to his detriment on the words or conduct of the district court that his right to appeal should not be lost thereby. In this case defendant may have felt that the judge's receiving the Memorandum and motion and his calling for a response indicated that the 59(e) motion was both timely and sufficient. The record filed in this Court, however, indicated that not only did the plaintiffs point out the motion's deficiency at the November 29 hearing (Transcript, Nov. 29, 1977, pp. 3, 5) but they also addressed this issue in their response filed on December 9. Thus, the State Director was fully on notice, well within the permissible appeal period, that his purported F.R.C.P. 59 motion did not meet the requirements of that rule and did not terminate his appeal time. Moreover, the district court's assuming to hear and determine a belated motion for a new trial cannot thereby affect the finality of the judgment and enlarge the time for taking an appeal. Fine v. Paramount Pictures, Inc., 181 F.2d 300, 304 (7th Cir. 1950).
 
 
 12
 The State Director suggests, however, that this Court look beyond the technical requirements of Rule 4 of the Federal Rules of Appellate Procedure and allow the appeal in order to prevent injustice, especially in light of the fact that plaintiffs have neither claimed nor made a showing that they have in any way been prejudiced by the filing of the appeal. Like all jurisdictional requirements, the one the State Director failed to meet is a technical one. However, it is based on important substantive policies regarding the finality of judgments and its application is required here by prior rulings of this Court.
 
 
 13
 In two prior appeals, this Court has refused to consider a motion based on no grounds or only general conclusions as a motion sufficient to extend an appellant's appeal time. In Files v. City of Rockford, 440 F.2d 811, 816 (7th Cir. 1971), this Court dismissed the appeal, holding that the district court had improperly granted a thirty day extension of time to file the appeal because the motion lacked the "particularity" required under Rule 7(b). In Fine v. Paramount Pictures, Inc., 181 F.2d 300, 304 (7th Cir. 1950), involving a motion for a new trial, this Court stated: "Neither a belated motion nor a motion without reasons can given the trial court the jurisdiction necessary to hear and act on such motion, thereby enlarging the time for appeal."
 
 
 14
 The reasoning and result in Fine has met with approval by various commentators. See, e. g., 9 Moore's Federal Practice, P 204.12(3), at 961. In addition, the First, Second, Third, Fifth, and District of Columbia Circuits have developed a similar technical interpretation of F.R.A.P. 4(a). See Safeway Stores, Inc. v. Coe, 78 U.S.App.D.C. 19, 136 F.2d 771, 773 (1943); Jusino v. Morales & Tio, 139 F.2d 946 (1st Cir. 1944); Virginia Land Co. v. Miami Shipbuilding Corp., 201 F.2d 506 (5th Cir. 1953); Raughley v. Pennsylvania R.R., 230 F.2d 387 (3d Cir. 1956); Edwards v. Doctors Hospital, Inc., 242 F.2d 888 (2d Cir. 1957).
 
 
 15
 Appellant, however, points to cases from the Fourth and Ninth Circuits relating to irregular or informal appeals which were not dismissed, although failing to strictly conform to the language of the rules. In Yanow v. Weyerhaeuser Steamship Co., 274 F.2d 274 (9th Cir. 1959), the court stated that although no grounds were stated in the motion for a new trial it was their position to construe informally drawn papers and improperly labelled documents to accomplish the objective sought. In that case they treated the document filed as a motion for a new trial, which thus stayed the time for filing a notice of appeal. In Witt v. Merrill, 208 F.2d 285, 286 (4th Cir. 1953), the court stated: "The liberal Rules of Civil Procedure must not be transformed by judicial interpretation into technical traps for the unwary." There the appeal was allowed to proceed in spite of the fact that no grounds had been stated in the motion for a new trial. These courts stressed that justice would be better served by allowing the appeals to proceed if the defective motion was sufficient on its face to show that the party intended to appeal. Since the motions being considered by these courts were motions for a new trial, the intent of which is to indicate that the movant is not satisfied with the judgment rendered, we fail to understand how they indicated the movant's intent to appeal.
 
 
 16
 While no cases are of record involving a motion to alter, amend or vacate a judgment under Rule 59(e), this Court sees no reason that the logic of Fine and Files regarding a motion for a new trial should be set aside in this factual setting. "The basic rationale for insistence upon timely filing is the necessity for providing a precisely ascertainable point of time at which litigation comes to an end." Files at 814. Moreover, to adopt the reasoning of the Fourth and Ninth Circuits would open this Court to a barrage of late filed but well-intended appeals.
 
 
 17
 It Is Ordered that the Motion to Dismiss be Granted and the appeal Dismissed.
 
 
 
 *
 This appeal was originally decided by unreported order on April 25, 1977. See Circuit Rule 35. The court has subsequently decided to issue the decision as an opinion
 
 
 **
 Senior District Judge William J. Campbell of the Northern District of Illinois is sitting by designation
 
 
 [1]
 On appeal there is no claim that the motion was not timely. However, at the hearing on November 29, the copy of the motion presented to the judge had not been date stamped and he raised the issue that the ten day rule may not have been complied with. The serving and filing of the motion on the eleventh day was timely in this case because the tenth day fell on a Sunday and F.R.C.P. 6 extends the time for filing to the next day