LESTER JOHN BARRE, Plaintiff-Appellant, *v.* SUSUMU
MIZOSHIRI, Defendant-Appellee

NO. 10099

(CIVIL NO. 8261)

AUGUST 9, 1985

BURNS, C. J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY BURNS, C. J.

Plaintiff Lester John Barre appeals the $5,068.94 judgment in
his favor against defendant Susumu Mizoshiri.[1] He contends that
he should have been awarded a $33,792.95 judgment. We dismiss
the appeal for lack of appellate jurisdiction.

On December 6, 1980 in Hilo, Hawaii, Susumu Mizoshiri
turned his vehicle left at an intersection and Barre, who was riding
his bicycle, collided into him.

On June 24, 1983 the jury answered special interrogatories as
follows:

    1. Was Plaintiff LESTER JOHN BARRE negligent?
       YES <u>X</u>     NO <u>    </u>

* * * * *

---

[1] The complaint was dismissed without prejudice as to defendant Chiyoko
Mizoshiri on January 21, 1983.

3. Was Plaintiff LESTER JOHN BARRE's negligence a proximate cause of the accident?

YES X     NO _____

4. Taking the total negligence causing the accident of December 6, 1980 as 100 per cent, what percentage do you attribute to:

|  |  |
|---|---|
| A. LESTER JOHN BARRE | 40% |
| B. SUSUMU MIZOSHIRI | 60% |
| TOTAL | 100% |

5. Can you apportion the per cent of aggravation to the pre-existing conditions caused by Defendant SUSUMU MIZOSHIRI?

YES X     NO _____

6. If your answer to Question No. 5 is "YES", then answer Question No. 7; if your answer is "NO", then go directly to Question No. 8.

7. Taking the total damages sustained by the Plaintiff as 100 per cent, what percentage do you attribute to:

|  |  |
|---|---|
| A. Pre-existing conditions | 75% |
| B. Aggravation caused by SUSUMU MIZOSHIRI | 25% |
| TOTAL | 100% |

8. What amount is the Plaintiff entitled to recover:

|  |  |
|---|---|
| A. For special damages for past medical and related expenses | $ 3,792.95 |
| B. For general damages | $30,000.00 |

On July 21, 1983 Barre filed a Rule 50(b), Hawaii Rules of Civil Procedure (HRCP), motion for judgment notwithstanding the verdict "as to [Mizoshiri's] claim for comparative negligence and apportionment of aggravation of a preexisting condition[,]" in which he asserted "that the evidence cannot support a finding of fault or apportionment of a preexisting condition if the standards of care are properly applied to the facts presented."

On August 12, 1983 the trial court issued a judgment in favor of Barre and against Susumu Mizoshiri in the amount of $5,068.94 apparently computed as follows: $33,792.95 × 60% × 25% = $5,068.94.

On July 6, 1984 the trial court denied Barre's July 21, 1983 motion on the ground that a timely motion for directed verdict was not made at trial.

On August 6, 1984 Barre filed his notice of appeal. On appeal, he raises a point not raised below. His point is that the trial court misinterpreted the jury's response to special interrogatory no. 8 and erred in not awarding judgment in his favor in the amount of $33,792.95.

Rule 73(a), HRCP,[2] requires notices of appeal to be filed "within 30 days from the date of entry of the judgment appealed from[.]" Here, the judgment was filed on August 12, 1983 but the notice of appeal was not filed until August 6, 1984.

Rule 73(a), HRCP, provides that a timely motion under Rule 50(b), HRCP, for judgment notwithstanding the verdict tolls the running of the time for filing of a notice of appeal until the motion is granted or denied.

However, under Rule 50(b), HRCP, the only party who is authorized to make a motion for judgment notwithstanding the verdict is "a party who has moved for directed verdict[.]" Barre did not move for a directed verdict at the close of all of the evidence. Consequently, he was not authorized to make a Rule 50(b), HRCP, motion. Therefore, the issue is whether Barre's timely but otherwise unauthorized Rule 50(b), HRCP, motion is a tolling motion under Rule 73(a), HRCP. Our answer is no.

We know of no reported cases on this specific point. Thus, we look at the handling of related situations for guidance.

A motion that is untimely is not a tolling motion. *See* 9 Moore's Federal Practice ¶ 204.12[2] (2d ed. 1985); 16 Wright, Miller, Cooper & Gressman, Federal Practice and Procedure: *Jurisdiction* § 3950 (1977).

Some of the federal circuits hold that a motion that does not comply with the requirement of their counterpart to Rule 7(b)(1), HRCP, that it "state with particularity the grounds therefor" is not a tolling motion. *See, e.g., Martinez v. Trainor,* 556 F.2d 818 (7th Cir.

---

[2] Upon the adoption and promulgation of the Hawaii Rules of Appellate Procedure (HRAP) effective June 1, 1984, Rule 73, HRCP, was deleted. Rule 4(a), HRAP, has replaced Rule 73(a), HRCP.

1977). Others hold that it is a tolling motion. *See Yanow v. Weyerhaeuser Steamship Co.*, 274 F.2d 274 (9th Cir. 1959).

Here, we are not involved with an untimely motion or one that has content deficiencies. Rather, we are dealing with a motion made by a party who was without authority to make such a motion. We see no essential difference between the requirements of Rule 50(b), HRCP, that the motion be made "[n]ot later than 10 days after entry of judgment" and that it be made by "a party who has moved for directed verdict[.]" Both are prerequisites to the making of a valid motion under Rule 50(b), HRCP. Thus, just as untimely motions are not tolling motions, neither are motions for judgment notwithstanding the verdict that are made by parties who did not move for directed verdict at the close of all the evidence.

This opinion would be the same under the Hawaii Rules of Appellate Procedure.

Accordingly, we dismiss this appeal for lack of appellate jurisdiction.

*Katsuya Yamada* on the brief for appellant.

*James Kawashima* and *Randall Y. Yamamoto* (*Kobayashi, Watanabe, Sugita & Kawashima* of counsel) on the brief for appellee.