927 F.2d 603
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bob E. BAILES, Petitioner-Appellant,
v.
Paul OTT, (90-6490) Respondent-Appellee,
Margaret Hambrick, Warden; Paul Ott, Unit Manager; C.
Workman, Counselor, (90-6491) Respondents-Appellees,
Harry Coleman, Acting Warden, F.C.I., Lexington, (90-6492)
Respondent-Appellee,
Margaret Hambrick, Warden, (90-6493) Respondent-Appellee,
C. Workman, Counselor; Margaret Hambrick, Warden, (90-6494)
Respondents-Appellees,
United States Parole Commission; Patrick R. Kane, Warden,
(90-6495) Respondents-Appellees,
Walter Cassidy, M.D.; Margaret Hambrick, Warden, (90-6496)
Respondents-Appellees.
 Nos. 90-6490 to 90-6496.
 United States Court of Appeals, Sixth Circuit.
 Feb. 25, 1991.
 
 E.D.Ky., 90-00004, -00304, -00136, -00260, -00264, -00175, -00231, Forester, J.
 E.D.Ky.
 APPEAL DISMISSED.
 Before RYAN and ALAN E. NORRIS, Circuit Judges; and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 These matters are before the court upon consideration of the appellant's response to this court's December 14, 1990, order directing him to show cause why his appeals should not be dismissed for lack of jurisdiction. Appellant has responded indicating that he filed his first notice of appeal in these cases three days after the decision and his second notice of appeal eleven days after the denial of reconsideration.
 
 
 2
 A review of the records before the court indicates that the magistrate's reports and recommendations were filed in August of 1990. Orders adopting the magistrate's recommendations were entered September 17, 1990. An objection dated September 15, 1990, was received and filed on September 20, 1990, in district court No. 90-136. Additional objections dated September 20, 1990, were filed October 2, 1990. Page four of those objections asked that if the decision of the district court had been entered that the court reconsider the decision or, in the alternative, that the objection be treated as a notice of appeal. Also, a letter addressed to Judge Forester was dated September 20, 1990, and subsequently filed by order of November 8, 1990. That letter, although entitled "NOTICE OF APPEALS, MOTIONS TO RECONSIDER & OBJECTIONS TO THE MAGISTRATE'S REPORT AND RECOMMENDATION," apparently accompanied the objections dated September 20, 1990. Appellant was not aware of the court's decision on September 20, 1990. Therefore, it was impossible for him to "state with particularity the grounds" which he felt warranted reconsideration of the decision as required by Fed.R.Civ.P. 7(b). Accordingly, the request for reconsideration was insufficient and did not toll the appeal period. See St. Marys Hosp. Medical Center v. Heckler, 753 F.2d 1362, 1365 (7th Cir.), cert. denied, 472 U.S. 1028 (1985); Clipper Express v. Rocky Mountain Motor Tariff Bureau, Inc., 690 F.2d 1240, 1248-49 (9th Cir.1982), cert. denied, 459 U.S. 1227 (1983); Martinez v. Trainor, 556 F.2d 818, 819-20 (7th Cir.1977) (per curiam). Additionally, the documents are insufficient as notices of appeal because they fail to comply with Fed.R.App.P. 3(c) in that they do not designate the judgment or order appealed from because appellant was never aware that a decision had been entered. The district court by order entered November 8, 1990, denied reconsideration. By order entered November 27, 1990, the district court directed that the undated letter of appellant filed November 19, 1990, be treated as a notice of appeal. Technically, the November 19, 1990, document also fails to comply with Fed.R.App.P. 3(c). In addition, it was not filed within thirty days of entry of the September 17, 1990, order as required by Fed.R.App.P. 4(a).
 
 
 3
 The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. Compliance with Fed.R.App.P. 4(a) is a mandatory and jurisdictional prerequisite which this court can neither waive nor extend. Baker v. Raulie, 879 F.2d 1396, 1398 (6th Cir.1989) (per curiam); McMillan v. Barksdale, 823 F.2d 981, 982 (6th Cir.1987); Myers v. Ace Hardware, Inc., 733 F.2d 39, 41 (6th Cir.1984) (per curiam); Peake v. First Nat'l Bank & Trust Co., 717 F.2d 1016, 1018 (6th Cir.1983). Fed.R.App.P. 26(b) specifically provides that this court cannot enlarge the time for filing a notice of appeal.
 
 
 4
 Accordingly, it is ORDERED that the appeals be, and they hereby are, dismissed for lack of jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit.