963 F.2d 375
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America Plaintiff-Appellee,
v.
Lawrence L. TAIT, Defendant-Appellant.
 No. 91-2159.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 21, 1992.*
Decided May 14, 1992.
Corrected May 14, 1992.
 
 1
 Before CUMMINGS and POSNER, Circuit Judges, and WOOD, JR., Senior Circuit Judge
 
 ORDER
 
 2
 Lawrence Tait appeals the district court's denial of his motion under Fed.R.App.P. 4(b) for an extension of time to file an appeal. For the following reasons, we affirm the district court's order.
 
 
 3
 On July 3, 1991, the district court sentenced Tait to a term of imprisonment totalling 23 years and fined him $250,100 after a jury found him guilty on two criminal counts: Conspiracy to Possess With Intent to Distribute Marijuana, in violation of 21 U.S.C. § 846, and Conspiracy to Import Marijuana Into the United States, in violation of 21 U.S.C. § 952. After the district court judge advised him of his right to appeal, Tait indicated to the court that he wished to do so. Appointed counsel Marcus C. Emery was present.
 
 
 4
 When he departed for a twelve-day vacation on the day of sentencing, Emery erroneously believed that he had thirty days to file an appeal, rather than the ten-day period prescribed by Rule 4(b).[1] Upon realizing his mistake on August 1, 1991, Emery immediately filed a motion for extension of time to appeal on August 2, 1991, explaining that he had confused the rules for appealing civil and criminal matters. Concluding that this error undoubtedly constituted neglect--albeit not the excusable kind contemplated by Rule 4(b)--the court denied Emery's motion. This appeal followed, with Emery asserting that the court abused its discretion. He asks that the case be remanded with instructions to the district court to reconsider and grant the motion.
 
 
 5
 Timely notice of appeal is "mandatory and jurisdictional." United States v. Robinson, 361 U.S. 220, 229 (1960); United States v. Dumont, 936 F.2d 292, 295 (7th Cir.1991), cert. denied sub nom. Atri v. United States, 112 S.Ct. 399 (1991); Varhol v. National R.R. Passenger Corp., 909 F.2d 1557, 1561 (7th Cir.1990) (en banc) (citations omitted). Until an appellant files a notice of appeal in a timely fashion, the court of appeals cannot hear the substantive merits of the claim. Osterneck v. Ernst & Whinney, 489 U.S. 169, 179 (1989).[2]
 
 
 6
 Be that as it may, the only issue for consideration on appeal is whether the district court was correct in its determination that Emery's unintentional blunder was not "excusable neglect." Case law in this circuit firmly establishes that absent abuse of discretion, appellate review of the grant or denial of a timely motion for extension under Rule 4(b) is deferential to the judgment of the district court, U.S. v. Kimberlin, 898 F.2d 1262, 1264 (7th Cir.1990), cert. denied, 111 S.Ct. 434 (1990) (citing Parke-Chapley Construction Co. v. Cherrington, 865 F.2d 907, 911 (7th Cir.1989)), which retains "sound discretion" to decide such matters in both civil and criminal cases. United States v. Douglas, 874 F.2d 1145, 1163 n. 31 (7th Cir.1989), cert. denied sub nom. Pruitt v. United States, 493 U.S. 841 (1989) (Rule 4(b) criminal appeal) (citing United States v. Kaden, 819 F.2d 813, 815-817 (7th Cir.1987) (Rule 4(a)(5) civil appeal)).
 
 
 7
 A court may grant an extension of the time to file a notice of appeal within no more than thirty days after the expiration of the original ten-day period for filing an appeal. Emery filed his motion on August 2, 1991, within the forty-day outside limit.
 
 
 8
 Cases defining excusable neglect have arisen in the context of Rule 4(a)(5) and Rule 4(b), which both contain similar language.[3] The guiding principles for evaluating a claim of excusable neglect do not, for the most part, vary significantly between criminal and civil appeals. See 9 JAMES MOORE, BERNARD WARD & JO LUCAS, MOORE'S FEDERAL PRACTICE p 204.13[1.-3], at 4-102 to 4-109 (2d ed. 1992).
 
 
 9
 One unvarying cornerstone of the cases and "Rule 4's pedigree suggest ... that 'excusable neglect' was intended to be narrowly construed", Reinsurance Co. of America Inc. v. Administratia, 808 F.2d 1249, 1251 (7th Cir.1987), whether in civil or criminal appeals. The limited circumstances giving rise to excusable neglect include failure to learn of the entry of judgment, unpredictable events affecting the delivery of notice of appeal to the clerk, uncontrollable delays in mail delivery, and unpredictable events affecting the feasibility of appeal. MOORE'S FEDERAL PRACTICE at 4-104 to 4-109.
 
 
 10
 Another well-established maxim with particular relevance to Emery's claim holds that ignorance of the law or unfamiliarity with the federal rules almost invariably fall short of excusable neglect. Dumont, 936 F.2d at 294-95; Varhol, 909 F.2d at 1563; Lorenzen v. Employees Retirement Plan of the Sperry and Hutchinson Co., Inc., 896 F.2d 228, 232 (7th Cir.1990); Douglas, 874 F.2d at 1163; Kaden, 819 F.2d at 816; Redfield v. Continental Casualty Co., 818 F.2d 596, 602 (7th Cir.1987). In a similar vein, courts have refused to recognize excusable neglect when the failure to file an appeal in a timely manner is due to palpable oversight, administrative or clerical errors by an attorney or his staff, MOORE'S FEDERAL PRACTICE at 4-107, or if the error is a result of an attorney's busy schedule. Files v. City of Rockford, 440 F.2d 811 (7th Cir.1971).
 
 
 11
 Despite this weight of authority, some cases carve a narrow exception to the general rule that ignorance of the law is not excusable neglect. But such a finding occurs in limited circumstances when the tardy movant bungles the job due to a plausible misconstruction--not mere ignorance--of the law or rules. Redfield, 818 F.2d at 602; Lorenzen, 896 F.2d at 232; Cherrington, 865 F.2d at 911-12; Feeder Line Towing Service, Inc. v. Toledo, Peoria & Western R.R. Co., 539 F.2d 1107 (7th Cir.1976). In these cases, the motions and rules governing their deadlines implicated procedural questions of some complexity and subtlety. In contrast, Emery's mistake involved an honest though rudimentary confusion of the time limits on civil and criminal appeals.
 
 
 12
 Since Emery's oversight was different in kind from misinterpretations of the rules discussed in these cases, the district court's reluctance to characterize his mistake as excusable neglect was not an abuse of discretion. As this court observed in Cange v. Stotler and Co., 913 F.2d 1204, 1212 (7th Cir.1990), "simple miscalculation, rather than a plausible misconstruction of the law or rules, does not establish excusable neglect." It is not too onerous a burden to expect lawyers to know the rules of the courts in which they practice. Varhol, 909 F.2d 1557, 1563.
 
 
 13
 In attempting to establish that his actions meet the excusable neglect standard, Emery presents arguments from four cases decided by this circuit that involve criminal appeals filed in an untimely fashion. None, however, have persuasive value in these circumstances.
 
 
 14
 Observing, for instance, that the facts in Kimberlin differ somewhat from what transpired in this case, Emery in effect suggests that this distinction should lead this court to reach a conclusion that is the logical converse of its ruling in Kimberlin. When fact patterns differ from case to case, they naturally lead to different results. Harder to justify is the instance in which two cases with fact patterns that are identical or nearly so lead to disparate outcomes.
 
 
 15
 In Kimberlin, this circuit upheld the district court's determination that no excusable neglect occurred when both the appellant and his lawyer had demonstrated their familiarity with the appellate litigation system on several previous occasions. Kimberlin, 898 F.2d at 1264. Protesting Tait's as well as his own complete unfamiliarity with the court's rules (a curious assertion given Emery's explanation that his error was attributable to a mix-up of the criminal and civil rules for appeal as opposed to his ignorance of both standards), Emery argues that since his expertise in federal practice pales in comparison to Kimberlin's experience--that since he is dissimilar from Kimberlin--the district court should have found Emery's neglect to be excusable.
 
 
 16
 This erroneous reasoning derives from Emery's misconstruction of Kimberlin. An appellant's level of acquaintance with appellate procedure or ability to file timely notices in federal court are not the dispositive factors in assessing excusable neglect. Rather, the focus is on the nature of the error and the reason for tardy filing. Regardless of whether one is a novice or veteran federal litigator, an unreasonable mistake of law does not warrant a determination of excusable neglect under Rule 4(b).
 
 
 17
 Moreover, Emery's reliance on Douglas is inapposite. In contrast to Emery's mistake, the "unique procedural circumstances" in Douglas involved the attorney's erroneous belief that a timely filed notice of appeal also would trigger appeal of the denial of a motion for a new trial. The mistake of counsel in Douglas hardly approximates Emery's error. In addition, the appellant's citation of Kaden also is unpersuasive. In that case, the court based its judgment on convincing evidence that counsel to the appellant may have abandoned his client after trial. Here, Tait does not make any such allegation.
 
 
 18
 Emery compares his predicament to that of the litigant in United States v. Roberts, 749 F.2d 404, 408 (7th Cir.1984), cert. denied, 470 U.S. 1058 (1985), a case in which we held that "[w]here there is good reason for allowing an extension and notice has been served within the forty-day outer limit, we are not obliged to insist upon perfect compliance." Id. at 408. What he omits is the court's observation in the preceding sentence that the details of compliance can be flexible when prisoners file motions on their own behalfs, a judgment in line with other decisions requiring that courts hold pro se litigants to standards less stringent than the norm. See, e.g., Haines v. Kerner, 404 U.S. 519 (1972). "Free or in confinement, litigants trust their attorneys to lodge timely notices of appeal", the court said in Kimberlin, 898 F.2d at 1265. "When the attorney defaults, the client suffers." Id. (citations omitted). Here, because Tait was represented by counsel, Emery's oversight cannot be characterized as excusable neglect.
 
 
 19
 Although "few circumstances will ordinarily qualify under the excusable neglect rubric," Reinsurance Co. of America, 808 F.2d at 1252, a court nevertheless may overlook irregularities in extraordinary cases when fairness and justice dictate. Id. at 1251; Cherrington, 865 F.2d at 911; United States v. Ford, 627 F.2d 807, 811 (7th Cir.1980), cert. denied, 449 U.S. 923 (1980). This, unfortunately, is not one of them. Even so, since "[r]epresented prisoners have the same principal options as represented nonprisoners ..., [r]emedies lie against their attorneys, if anywhere." Kimberlin, 898 F.2d at 1265. Consequently, Emery's failure to file a timely notice of appeal entitles Tait to seek collateral relief by filing a motion under 28 U.S.C. § 2255 claiming ineffective assistance of counsel.
 
 
 20
 The appellant contends that the district court based its denial of the motion on the fact that counsel was taking a vacation when the ten-day deadline for filing the appeal had expired. As the order clearly states, however, the court denied the motion because the claim that Emery's error constituted excusable neglect was conclusory and without merit.
 
 
 21
 For the foregoing reasons we affirm Judge McKinney's decision--a reasoned judgment which, in rejecting Emery's characterization of his error as excusable neglect, exemplified sound judicial discretion.
 
 AFFIRMED
 
 
 *
 The parties waived oral argument
 
 
 [1]
 Fed.R.App.P. 4(b) states, in pertinent part:
 In a criminal case the notice of appeal by a defendant shall be filed in the district court within 10 days after the entry of the judgment or order appealed from.... Upon a showing of excusable neglect the district court may, before or after the time has expired, with or without motion and notice, extend the time for filing a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision.
 (emphasis added)
 
 
 [2]
 But see Thompson v. INS, 375 U.S. 384 (1964) (authorizing courts to hear untimely appeals in "unique circumstance" of error by district courts); United States v. Ford, 627 F.2d 807, 809 (7th Cir.1980), cert. denied, 449 U.S. 923 (1980) ("timely notice of appeal is not 'jurisdictional' in the sense of subject matter jurisdiction")
 
 
 [3]
 Referring to page 22 of PRACTITIONER'S HANDBOOK FOR APPEALS TO THE UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT, the district court judge erroneously yet harmlessly cited the criteria under Rule 4(a)(5) for extending the time to file a notice of appeal rather than citing page 19 of the Handbook, which describes the standard under Rule 4(b) and its interpretation by case law. Order on Motion for Extension of Time to File Notice of Appeal (S.D.Ind. Aug. 7, 1991) at 1; Appellant's Brief at 12