**Anna Ruth NEWDIGATE, Appellant,**

v.

**Henry M. WALKER, Appellee.**

Court of Appeals of Kentucky.

Nov. 20, 1964.

Charles J. Schear, Newport, for appellant.

Robert G. Zweigart, Royse & Zweigart, Maysville, for appellee.

WADDILL, Commissioner.

The appeal is from a judgment declaring appellee the owner of certain real estate and enjoining appellant from interfering with appellee's use of it. For reversal it is contended that the court erred: In deciding

that Mason Circuit Court Rule 606 is not inconsistent with but supplements our Civil Rules; in striking appellant's motion to dismiss the complaint; and in granting appellee a default judgment.

On September 11, 1962, appellee filed a complaint in the Mason Circuit Court asserting ownership of certain land and seeking an injunction to prevent appellant from interfering with his use of this property. On September 15, 1962, the regular judge of the Mason Circuit Court voluntarily disqualified himself and three days later this Court appointed a special judge to hear and determine the controversy.

Within 20 days after service of summons, on September 29, 1962, appellant filed the following motion:

> "Comes the defendant, Anna Ruth Newdigate, and moves the Court to dismiss the plaintiff's complaint herein because same does not state a claim on which relief can be granted."

On October 11, 1962, appellee moved the court pursuant to CR 12.06 to strike appellant's motion for the reason that it failed to state with particularity the grounds therefor as required by CR 7.02(1) and Mason Circuit Court Rule 606, and moved for a judgment by default under CR 55.01.

CR 7.02(1) states, in pertinent part, as follows:

> "(1) An application to the court for an order shall be by motion which, * * * shall state with particularity the grounds therefor, * * *."

Mason Circuit Court Rule 606 (promulgated March 1, 1958, pursuant to CR 78(2) and CR 83) reads:

> "Failure to state with particularity the grounds for motions, and to include authorities, will be deemed dilatory filings, and will not toll time in which to file responsive pleading."

On January 11, 1963, the court sustained the motions made by appellee; struck appellant's motion as being a nullity; declared the time for responsive pleadings had expired, and granted the appellee judgment by default.

■ The circuit judges may regulate the practice in their courts by adopting local rules which are not inconsistent with our Civil Rules. CR 83. In applying this standard to the Mason Circuit Court Rule 606, we observe that it is permissible under CR 78(2) to require a written statement of reasons in support of a motion, and this would reasonably include a list of authorities. Thus, to the extent the Circuit Court Rule requires the motion to state grounds with particularity and to include a statement of authorities, it is consistent with the provisions of CR 78 and is in harmony with the provisions of CR 7.02.

The provisions of CR 12.01 give a party twenty days after service of summons upon him within which to serve his answer. The service of any motion permitted by Rule 12 alters this period of time (unless the court fixes a different time). Appellant's motion was filed pursuant to CR 12.02, therefore, CR 12.01 permitted appellant to file his answer within ten days after notice that the circuit court had ordered his motion stricken. Consequently, that portion of Mason Circuit Court Rule 606 providing that a motion which is deemed dilatory will not toll time for filing a responsive pleading is inconsistent with CR 12.01.

■ The views expressed herein necessitate a reversal of the judgment because the circuit court erred in depriving appellant of the time within which to file his answer as provided in CR 12.01 and in entering a default judgment.

The judgment is reversed with directions to set it aside and to grant a reasonable time within which appellant may serve an answer.