**Albert CAIN, Appellant,**

v.

**CITY OF ELSMERE, Kentucky, a Municipal Corporation, Appellee.**

Court of Appeals of Kentucky.

April 25, 1969.

E. H. Walton, Covington, for appellant.

Robert C. Hoffman, Erlanger, Elmer Berling, Florence, for appellee.

STEINFELD, Judge.

For approximately 16 years appellant, Cain, had been engaged in the automobile wrecking business in the City of Elsmere. The occupational license imposed by the city for those engaged in automobile wrecking had been $10.00 per year. It was increased to $15.00, $35.00, $50.00 and finally $1,000.00 per year. Cain attacked the $1,000.00 per year license and asked a declaration of rights. The judgment of the trial court was adverse to his contention, hence this appeal.

The record reveals procedural steps as follows:

| | |
|---|---|
| January 5, 1966 | Judgment entered. |
| January 25, 1966 | Motion made to set aside judgment and amend the findings of fact and conclusions of law and judgment. |
| January 26, 1967 | Order entered overruling motion of January 25, 1966. |
| February 7, 1967 | Notice of appeal filed. |
| March 8, 1967 | Schedule for appeal filed. |
| June 6, 1967 | Statement of appeal filed. |

Seeking dismissal of this appeal the appellee, among other things, contends that the motion made January 25, 1966, to set aside the judgment was not timely pursuant to CR 59.05 which required that such a motion " * * * shall be served not later than ten days after entry of the final judgment." We agree. Whittenberg Eng. & Const. Co. v. Liberty Mutual Ins. Co., Ky., 390 S.W.2d 877 (1965).

CR 73.02 provides that " * * * the time within which an appeal may be taken shall be 30 days from the entry of the judgment appealed from, * * * ". The appeal, not having been filed within the time permitted by the rule, is dismissed. Judd v. Judd, Ky., 387 S.W.2d 311 (1965).

All concur.