**LIGON SPECIALIZED HAULER, INC., a Kentucky Corporation, the name of which was changed to Cherokee Leasing, Inc., a Kentucky Corporation effective March 23, 1983, Appellant,**

v.

**Joseph A. SMITH and Loretta G. SMITH, Appellees.**

Court of Appeals of Kentucky.

June 21, 1985.

Michael D. Hallyburton, Madisonville, for appellant.

William R. Whitledge, Madisonville, for appellees.

Before COMBS, HOWARD and LESTER, JJ.

COMBS, Judge.

This is an appeal from the judgment of the Hopkins Circuit Court, which held that appellant fraudulently induced appellees to enter into an employment contract.

Appellee, Joseph Smith, is a truck driver. Prior to 1979, appellee worked for White Star Trucking Company in Michigan for more than twenty-five years. White Star is a union company, so appellee enjoyed the fruits of the collective bargaining agreement and accumulated pension benefits during that time. Around 1979, appellee decided to seek new employment because White Star would not allow him to take his wife on the road. However, he was determined to secure work with a union company in order to preserve his right to a union pension, which would vest in seven years.

Smith contacted appellant Ligon Specialized Hauler, Inc., regarding possible employment in November of 1979. Ligon's agent told appellee that Ligon was a union company with ample work, so appellee and his wife traveled to Kentucky to meet with appellant's management. At that time, appellant's Director of Recruiting assured appellee that Ligon was a union company, so appellee quit his job with White Star, purchased a tractor and trailer, and signed an employment contract with appellant. Appellee also signed a form authorizing appellant to withhold union dues from his check.

Following his employment, Smith asked Ligon's Director of Recruiting whether or not Ligon was paying into his pension fund. The director replied that the union at Ligon was a joke, and the only reason Ligon's truckers paid union dues was to obtain a card so they could unload in union shops. Ligon terminated appellee's employment shortly thereafter.

As a result, appellee brought this civil action against appellant, alleging that Ligon's false claim of being a union company with plenty of work induced appellees to leave White Star Trucking for appellant. The jury awarded appellees $120,000 in damages.

■ Ligon raises two issues on appeal. First, Ligon argues that a juror's misconduct at trial prejudiced its right to a fair trial. A motion for a new trial under CR 59.01 is the proper vehicle for correcting the effects of a juror's misconduct. Although Ligon filed a bare motion for a new trial within 10 days of judgment, it failed to submit supporting grounds and affidavits for almost three weeks. The rules do not

**904**

expressly require these documents to be filed at any given time, but CR 59.03 states that "[w]hen a motion for a new trial is supported by affidavits the opposing party has 10 days after the service within which to serve opposing affidavits ..." The rule's opening language and constraints on the opposing party imply that the moving party must satisfy CR 59.02's 10 day deadline for supporting grounds and affidavits, as well as the motion itself.

 If a motion for a new trial is not timely served or filed, the trial court has no discretion to consider a tardy motion or to grant subsequent new trial relief. *See Ford Motor Credit Company v. Swarens,* Ky., 447 S.W.2d 53 (1969). See also CR 6.02. The plain purpose of the appellate time limits and CR 6 is to fix a definite time when judgments become final and free from attack. *Id.* at 55. We think the plain purpose of CR 59.02 would stand defeated if we allow appellant to toll its provisions by filing a timely but unexplained CR 59.01 motion, while submitting grounds and affidavits to the court at its leisure. Accordingly, Ligon's allegations of juror misconduct were not timely raised at trial and are not preserved for our review. *See e.g. Commonwealth v. Williams,* Ky., 317 S.W.2d 482 (1958). See also *Commonwealth, Department of Highways v. Ginsburg,* Ky., 516 S.W.2d 868 (1974).

In any event, the record reveals no evidence of prejudice at trial that would warrant our reversing this case for a new trial. *See Id.* at 870. We also note that the trial court rejected Ligon's claim of prejudice in denying its motion for a new trial on the merits, and we find no abuse of discretion in that ruling.

 Appellant next argues that the trial court's instructions to the jury are not supported by the evidence. We disagree. There was clear evidence at trial that Ligon's status as a union company was the pivotal factor in appellee's decision to quit his union job and go to work for Ligon.

The trial court directed the jury to find for appellees if Ligon's agents intentionally told them they would be union members, the statements were false, known to be false, made to induce appellees to contract with Ligon, and had such effect to appellee's detriment. The court also required appellees to prove they were misled by the statements, induced to contract with Ligon, and would not have contracted with Ligon but for the statements. We think these instructions not only covered the elements of fraud on the facts in this case, but also placed a burden of proof beyond a mere preponderance on appellees, plaintiffs below. Therefore, we find no error in the trial court's instructions.

The judgment of the Hopkins Circuit Court is affirmed.

All concur.