**Vernonia Gail BURTON, Appellant,**

v.

**Curtis BURTON, Appellee.**

**No. 87–CA–637–S.**

Court of Appeals of Kentucky.

April 8, 1988.

Paul Shapiro, Benton, for appellant.

James Anderson, Hurt, Jones, Anderson and Jones, Murray, for appellee.

Before HAYES, LESTER and McDONALD, JJ.

LESTER, Judge.

This is an appeal from part of an order entered March 3, 1987, which excused the appellee, Curtis Burton, from paying child support for the four weeks in the summer that he had visitation with his two children and also excusing him from paying for the four weeks he had the children the prior summer.

The parties were divorced by a decree entered in December, 1985. Custody of the children, visitation and child support issues were reserved pending further hearings. In August, 1986, a supplemental decree was recommended by the Domestic Relations Commissioner resolving the issues that had been previously reserved. No exceptions were filed to the recommendations and in September, 1986, it was approved by the court. That decree awarded custody of the children to the appellant, Vernonia Gail Burton, and ordered that the appellee pay $87 per week child support and receive visitation, including four weeks during the summer break from school. There was no mention in the decree that support obligations were excused during that period.

In December, 1986, a motion to hold Curtis in contempt for failing to keep up his support payments was filed. The Commissioner, who heard the motion, recommended that the support which had accrued during the four week summer visitation in 1986 be excused and further recommended that Curtis not be required to pay support during the four week summer visitation periods in the future. Exceptions were filed to the recommended order. On March 3, 1987, the court overruled the exceptions based on the ground that the Commissioner was clarifying his earlier decision. It is from that order that this appeal results.

Vernonia argues that the trial court cannot excuse past due accrued support payments. We agree. In *Stewart v. Raikes*, Ky., 627 S.W.2d 586 (1982) and *Clay v. Clay*, Ky.App., 707 S.W.2d 352 (1986), it was held that support payments, once accrued, are fixed and may not be modified by the trial court. Therefore, we reverse so much of the order that excused the past due support payments.

We recognize that a judgment is always open to construction by a court that is asked to give a clarification. *Board of Education of Campbellsville Independent School District v. Faulkner*, Ky., 433

S.W.2d 853 (1968). In the case at bench, an affidavit by a former circuit judge established that it was his practice in the 42nd judicial district to excuse support payments during periods of extended visitation. As opposed to this policy, we have KRS 403.-250 which provides the vehicle for modification and the requisites therefor. Nothing in the record before us indicates that the appellee could meet the criteria set forth in the statute so it is obvious why a motion for clarification was utilized in lieu of a motion to modify.

We are fully aware that with the possible exception of food, the expenses of the custodial parent for the children continue despite a four week visitation period with the father. Moreover, we think it improper to permit a policy to circumvent statutes, the civil rules or established case law, for to hold otherwise would permit fifty-six judicial circuits to adopt their own views in any number of areas of jurisprudence. Regarding the civil rules, this area has already been settled as to the power of the circuit courts under CR 83 in *Oppenheimer v. Smith*, Ky., 512 S.W.2d 510 (1974) and *Newdigate v. Walker*, Ky., 384 S.W.2d 312 (1964).

In view of the foregoing, we reverse so much of the order that clarifies and amends the prior decree that excuses child support during the four week visitation period.

Further, pursuant to CR 76.15(3)(A) the application of CR 76.20 and CR 76.32, as well as other appropriate Rules of Civil Procedure for further appellate steps, is reinstated effective the date of this opinion.

All concur.