**Kenneth R. MATTHEWS and Linda F. Matthews, Appellants/Cross–Appellees,**

v.

**VIKING ENERGY HOLDINGS, LLC, Appellee/Cross–Appellant.**

Nos. 2010–CA–000048–MR, 2010–CA–000070–MR.

Court of Appeals of Kentucky.

April 8, 2011.

Steven O. Thornton, Bowling Green, KY, for appellant/cross-appellee.

Daniel N. Thomas, Hopkinsville, KY, for appellee/cross-appellant.

Before ACREE, CAPERTON and CLAYTON, Judges.

### OPINION AND ORDER

ACREE, Judge:

Viking Energy Holdings, LLC has filed a motion to dismiss the appeal of Kenneth R. and Linda F. Matthews, asserting they filed their notice of appeal more than thirty days after entry of the judgment and that their *pro forma* post-judgment motion failed to toll the running of time in which to do so. For the following reasons, we grant Viking's motion and dismiss.

On November 2, 2009, the Warren Circuit Court entered final judgment quieting title to a buried gas pipeline easement in favor of Viking. On November 12, 2009, citing no particular rule but obviously relying on Kentucky Rule of Civil Procedure (CR) 59.05, the Matthews filed a "Motion to Vacate, Alter, and/or Amend" the judgment. The Matthews failed to give even one reason for doing so. Rather, in its entirety, the motion stated as follows.

> Come now the Respondents, Kenneth and Linda Matthews, by and through counsel, and moves [sic] the Court to vacate, alter, and/or amend the Final Judgment Quieting Title of Viking Ener-

gy Holdings, LLC to Pipeline Easement and Buried Gas Pipeline entered by this Court on November 2, 2009.

Believing the motion deficient, Viking's counsel alerted the Matthews' counsel that it failed to comply with CR 7.02(1).[1] He suggested withdrawal of the motion and the filing of a notice of appeal within thirty days of the November 2, 2009 judgment. The Matthews did neither.

Viking then moved to strike the motion as noncompliant with CR 7.02(1). On December 28, 2009, the circuit court denied both the Matthews' *pro forma* motion to vacate, alter or amend and Viking's motion to strike it.

On January 5, 2010, the Matthews filed a notice of appeal. While the filing was within thirty days of the December 28, 2009 order, it was more than sixty days after entry of the judgment quieting title in favor of Viking. Viking filed a notice of cross-appeal asserting the circuit court erred in failing to strike the Matthews' *pro forma* motion.

Before this Court, Viking filed the instant motion to dismiss the Matthews' appeal for want of jurisdiction. The argument Viking presents is essentially this: A motion nominally filed pursuant to CR 59.05 that fails to "state with particularity the grounds therefor" as required by CR 7.02(1) is an invalid motion and therefore does not effectuate the tolling provision of CR 73.02(1)(e).[2] Consequently, the Matthews were required to file a notice of appeal no later than December 2, 2009.

Because they did not, argues Viking, their appeal is not timely, and this Court cannot entertain it.

The Matthews have not directly responded to Viking's legal argument, but simply state instead that this Court has "full jurisdiction" over the appeal. They claim only that Viking's motion to dismiss is "inappropriate."

Nevertheless, we find merit in Viking's argument.

There is no published authority on this issue in Kentucky. However, many states and many federal circuits have addressed it directly. Our search for authority has led us to one case supporting the Matthews' position. That support is expressed by the majority opinion in *Camp v. Camp*, 386 S.C. 571, 689 S.E.2d 634 (2010).

In *Camp*, a domestic relations case, the non-prevailing party filed a motion pursuant to South Carolina Rules of Civil Procedure (SCRCP) 59(e), the corollary to our CR 59.05. The motion stated in its entirety:

> PLEASE be advised that the Defendant through his undersigned attorney, will move before the Honorable David Sawyer, Jr., to reconsider the ruling in his Order dated July 26, 2006, in awarding Plaintiff, William James Camp's college expenses and costs.

*Camp*, 689 S.E.2d at 635. The prevailing party argued in response that because the motion failed to "state with particularity

---

1. CR 7.02(1) requires that: "An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion."

2. CR 73.02(1)(e) states that: "The running of the time for appeal is terminated by a timely motion pursuant to any of the Rules hereinafter enumerated, and the full time for appeal fixed in this Rule commences to run upon entry and service under Rule 77.04(2) of an order granting or denying a motion under Rules 50.02, 52.02 or 59, except when a new trial is granted under Rule 59."

the grounds therefor" as required by SCRCP 7(b)(1), it was not valid and did not toll the time for filing a notice of appeal. The South Carolina Court of Appeals agreed, found the notice of appeal untimely, and dismissed the case. *Id.* at 635–36.

The South Carolina Supreme Court subsequently granted certiorari and held that

> When neither party is prejudiced and the court is able to deal fairly with a motion for reconsideration, applying an overly technical reading of the rules does not serve the purpose of Rule 7(b)(1), SCRCP [Kentucky's CR 7.02(1) ]. For these reasons, we reverse the court of appeals decision and hold Father's motion for reconsideration tolled the time for filing a notice of appeal.

*Id.* at 637.

However, as the dissenting opinion in *Camp* notes, the majority opinion is a minority, if not singular, view among the many jurisdictions that have addressed the question.[3] Considering first the South Carolina Court of Appeals' reliance on *Martinez v. Trainor*, 556 F.2d 818 (7th Cir.1977), in dismissing the appeal as untimely, the dissent pointed out that "a one-sentence Rule 59(e) [our CR 59.05] motion failed to satisfy the particularity requirement of Rule 7(b)(1) ... [our CR 7.02(1) ] because the motion 'failed to state even one ground for granting the motion and thus failed to meet the minimal standard of reasonable specification.'" *Camp*, 689 S.E.2d at 637 (Waller, J., dissenting)(footnote omitted)(quoting *Martinez*, 556 F.2d at 820 (quoting 2–A Moore's Federal Practice (3rd ed.1975)). In Justice Waller's view, the invalid motion was thus ineffective in tolling the running of time for filing a notice of appeal. He then cited numerous "[o]ther federal and state courts [that] are in accord with *Martinez*."[4] *Id.* at 637 n. 6.

**3.** *But see First Sec. Bank of Idaho, N.A. v. Stauffer*, 112 Idaho 133, 730 P.2d 1053, 1061 n. 6 (Idaho App.1986), wherein the Idaho Court of Appeals addresses the movant's failure to name any ground for relief in the motion.

> "[W]e do not find this flaw fatal since a Rule 59(e) motion may also serve to enable a trial judge to reconsider his judgment and thus avoid an appeal. *Clipper Exxpress v. Rocky Mountain Motor Tariff*, 690 F.2d 1240 (9th Cir.1982), *cert. denied*, 459 U.S. 1227, 103 S.Ct. 1234, 75 L.Ed.2d 468 (1983). The trial court was not restricted to any specific contentions of error raised by First Security and could correct any error which came to its attention because of the motion."

However, in our opinion, the Idaho court misinterprets *Clipper Exxpress* which stated, Clipper's 59(e) motion as originally served set out the grounds on which the motion was based with particularity. Along with the motion, Clipper filed a 65–page document of supporting points and authorities, which raised substantive legal questions about the summary judgment motion without the need for the additional factual support that the affidavits would provide. This was more than sufficient to satisfy the particularity requirement of Rule 7(b). *Clipper Exxpress*, 690 F.2d at 1248.

**4.** Justice Waller set out several of these cases in a footnote as follows: *"See Intera Corp. v. Henderson*, 428 F.3d 605, 611 (6th Cir.2005) ("A party who files a Rule 59(e) motion must comply with the motions filing requirements set forth in Fed.R.Civ.P. 7(b)."); *Talano v. Northwestern Med. Faculty Foundation, Inc.*, 273 F.3d 757, 761 (7th Cir.2001) (a Rule 59(e) motion "devoid of specificity" for its reasons for reconsideration does not satisfy Rule 7(b)(1), and therefore does not toll the time period for filing an appeal); *Riley v. Northwestern Bell Telephone Co.*, 1 F.3d 725, 727 (8th Cir.1993) (where the court dismissed for lack of appellate jurisdiction and stated that "overlooking the defect" of a skeletal motion "would only serve to whittle away at the rules and ultimately render them meaningless and unenforceable"); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1240 (10th Cir.2006) (where Rule 59(e) motion "did not provide a

We are persuaded to follow the majority rule for several reasons. First and foremost, we find it consistent with Kentucky jurisprudence. Adopting the majority rule is a logical and natural extension of our holding in *Ligon Specialized Hauler, Inc. v. Smith,* 691 S.W.2d 902 (Ky.App.1985), that "the plain purpose of CR 59.02 [time for filing motion for new trial] would stand defeated if we allow appellant to toll its provisions by filing a timely but *unexplained* CR 59.01 motion...." *Ligon,* 691 S.W.2d at 904 (emphasis supplied).

The majority rule is also consistent with *Newdigate v. Walker,* 384 S.W.2d 312 (Ky. 1964), in which our highest court reviewed a local rule that stated: " 'Failure to state with particularity the grounds for motions, and to include authorities, *will be deemed dilatory filings,* and will not toll time in which to file responsive pleading.' " *Newdigate,* 384 S.W.2d at 313 (quoting Mason Circuit Court Rule 606 (promulgated March 1, 1958, pursuant to CR 78(2) and CR 83); emphasis supplied). In that case, the former Court of Appeals held that the local rule "is in harmony with the provisions of CR 7.02." *Id.*

Second, we agree with Justice Waller that the prejudice-weighing analysis "effectively vitiates the plain (and relatively undemanding) requirements of the applicable rules of civil procedure [and] will create unnecessary fact-intensive inquiries by our appellate courts to determine whether parties were—in fact—prejudiced by an insufficient motion." *Camp,* 689 S.E.2d at 638 (Waller, J., dissenting).

■ Third, we are mindful and protective of the mandatory nature of, and important policies behind, CR 7.02(1). CR 7.02(1) states that all written motions "*shall* state with particularity the grounds therefor[.]" (Emphasis supplied). As this Court has said previously, "Shall means shall." *Cummings v. Covey,* 229 S.W.3d 59, 62 (Ky.App.2007) (quoting *Vandertoll v. Commonwealth,* 110 S.W.3d 789, 795–96 (Ky.2003) (quoting Black's Law Dictionary, 1233 (5th ed.1973)). Furthermore, the policy-based purposes of CR 7.02(1) are manifold: "(1) it spares the court a search of the record and directs the court's attention to possible faults; (2) it advises opposing counsel so [counsel] may prepare and adequately contest the motion; and (3) it provides an adequate record for appellate review." *Minto Grain, LLC v. Tibert,* 776

single ground for relief," it was held insufficient and therefore did not toll the time for filing notice of appeal); *N.C. Alliance for Transp. Reform, Inc. v. N.C. Dep't of Transp.,* 183 N.C.App. 466, 645 S.E.2d 105 (2007) (where a Rule 59 motion fails to list the grounds on which the motion is based, the time for filing an appeal is not tolled); *Schaan v. Magic City Beverage Co.,* 609 N.W.2d 82 (N.D.2000) (where the court deemed invalid a motion for new trial because it was lacking in particularity and thus concluded the time for filing an appeal was not tolled)." *Camp,* 689 S.E.2d at 637 n. 6 (Waller, J., dissenting). To this list we add the following cases: *Feldberg v. Quechee Lakes Corp.,* 463 F.3d 195, 199 (2nd Cir.2006) ("we lack appellate jurisdiction to review the district court's dismissal of the complaint because Plaintiffs–Appellants' skeletal or place-

holder Rule 59(e) motion did not toll the thirty-day time limit for filing a notice of appeal"); *Mashpee Wampanoag Tribal Council, Inc. v. Norton,* 336 F.3d 1094, 1099 (C.A.D.C.2003) (recognizes rule but rule did not apply here as post-judgment motion "stat[ed] at least one basis for its claim of error"); *Sho–Deen, Inc. v. Michel,* 263 Ill. App.3d 288, 200 Ill.Dec. 729, 635 N.E.2d 1068, 1072 (1994) (post-judgment motion "totally devoid of *any* indication of points allegedly warranting relief" did not toll running of time for filing notice of appeal); and *AA Primo Builders, LLC v. Washington,* 245 P.3d 1190, 1192 (Nev.2010) ("to have tolling effect under NRAP 4(a)(4)(C) [our CR 73.02(1) ] ... motion to alter or amend the judgment ... must also satisfy NRCP 7(b) [our CR 7.02] and be 'in writing, [and] state with particularity [its] grounds....' ").

N.W.2d 549, 558 (N.D.2009) (quoting *Schaan v. Magic City Beverage Co.*, 609 N.W.2d 82 (N.D.2000)); *see also Tennessee Products & Chemical Corporation v. Miller*, 282 S.W.2d 52, 53 (Ky.1955) (purpose of CR 7.02 is to put parties and court on notice of reasons movant believes judgment is erroneous). Applying the minority rule would undermine each of these policies.

■ Finally, having adopted the majority rule, we also embrace the prophylactic wisdom of our sister court in Illinois which said,

> although the record does not indicate such a practice here, we are equally concerned that, in the absence of a requirement that a post-trial motion contain some element of substance, a *pro forma* motion for reconsideration could be utilized as a mere pretext by which a party could unilaterally extend the time requirements for filing its notice of appeal.

*Sho–Deen, Inc. v. Michel*, 263 Ill.App.3d 288, 200 Ill.Dec. 729, 635 N.E.2d 1068, 1072 (1994).

■ We are mindful that some might construe our holding "as imposing hypertechnical drafting requirements governing post-trial motions." *Id.* This is an unwarranted concern. As in each of the cases we cite in support of the majority rule, "[t]he deficiency in the present motion is that it is totally devoid of *any* indication of points allegedly warranting relief. The purpose of a post-trial motion is to allow the trial court to review its decision, and, to that end, some degree of specificity is required." *Id.* Consequently, we agree with the Sixth Circuit's interpretation of the corresponding federal rule that "particularity" means "reasonable specification." *Intera Corp. v. Henderson*, 428 F.3d 605, 612 (6th Cir.2005). Yet where the movant " 'failed to state even one

ground' upon which the [trial] court should grant its Rule 59(e) motion, the [movant] did not satisfy the particularity requirement...." *Id.* (quoting *Martinez, supra*, at 820).

The Matthews' failure to state even one ground to support their CR 59.05 motion rendered the motion incomplete and therefore invalid under CR 7.02(1); their failure to supplement that incomplete motion within the ten-day limit rendered the motion untimely, or to borrow the term used in *Newdigate*, the motion was "dilatory." The circuit court thereafter lacked jurisdiction to entertain it, and the faulty motion did not toll the thirty-day period within which to file their appeal. Because no valid CR 59.05 motion was filed, the Matthews were required to file a notice of appeal to this Court within thirty days of the November 2, 2009 judgment, and not within thirty days of the circuit court's resolution of their dilatory CR 59.05 motion. *Cain v. City of Elsmere*, 440 S.W.2d 259, 260 (Ky.1969). They failed to do so; their notice of appeal filed January 5, 2010, was untimely and this Court is required to dismiss the appeal. CR 73.02(2); *Excel Energy, Inc. v. Commonwealth Institutional Securities, Inc.*, 37 S.W.3d 713, 716 (Ky.2000) ("CR 73.02(2) describes automatic dismissal as the penalty for failure of a party to file a timely notice of appeal").

For the foregoing reasons, Viking's motion to dismiss is GRANTED. It is hereby ORDERED that this appeal be, and it is DISMISSED.

ALL CONCUR.