**Jeremy STANLEY, d/b/a APC and APC, LLC, Appellants**

v.

**C & R ASPHALT, LLC, Appellee.**

No. 2012–CA–001025–MR.

Court of Appeals of Kentucky.

Feb. 8, 2013.

John E. Reynolds, Nicholasville, KY, Counsel for appellant.

Stephen P. Stoltz, Jessica R. Sharpe, Lexington, KY, Counsel for appellee.

Before ACREE, Chief Judge; CAPERTON and THOMPSON, Judges.

1. Kentucky Rules of Civil Procedure.

*OPINION AND ORDER DISMISSING*

ACREE, Chief Judge:

We are asked to consider whether Jeremy Stanley's appeal must be dismissed for want of jurisdiction because it was filed more than thirty days after entry of the circuit court's judgment and following a *pro forma* CR [1] 59.05 motion. In accordance with *Matthews v. Viking Energy Holdings, LLC*, we sustain the appellee's motion. 341 S.W.3d 594 (Ky.App.2011).

Judgment was entered in favor of C & R Asphalt, LLC on March 7, 2012. On March 16, 2012, Stanley filed a motion entitled, "Motion to Alter, Amend[,] or Vacate" the judgment. The motion identified no grounds for disturbing the judgment and was not accompanied by a supportive memorandum; instead, the motion provided in its entirety as follows: "Comes now [Stanley], by and through counsel, and respectfully requests the Court set aside its Order entered March 7, 2012." The motion was denied on May 11, 2012, and Stanley filed his notice of appeal on June 8, 2012.

■■■ C & R Asphalt has asked us to dismiss this appeal on the basis of *Matthews*. In that opinion, we determined CR 7.02 requires that a motion to alter, amend, or vacate "state with particularity the grounds therefor[;]" otherwise, "the motion [is] incomplete and therefore invalid ... [.]" *Matthews*, 341 S.W.3d at 598–99. An invalid CR 59.05 motion does not "toll the thirty-day period within which [the parties may] file [an] appeal." *Id.* Consequently, this Court lacks jurisdiction to entertain an appeal filed after thirty days of the judgment's entry. *Id.*, citing CR 73.02(2).

■ There is no meaningful distinction between *Matthews* and the matter now before us. Stanley's "Motion to Alter, Amend[,] or Vacate" failed to state any grounds whatsoever. It was therefore invalid and did not toll the running of time to file an appeal. Stanley failed to file his notice of appeal within thirty days of entry of the circuit court's final judgment, and so we lack subject matter jurisdiction to entertain the appeal. "[T]he issue of subject matter jurisdiction can be raised at any time, even *sua sponte,* as it cannot be acquired by waiver, consent, or estoppel." *Doe v. Golden & Walters, PLLC,* 173 S.W.3d 260, 270 (Ky.App.2005) (footnotes omitted). As in *Matthews,* dismissal is now required.

The Court, having considered the motion of the appellee C & R Asphalt, LLC to dismiss the appeal and the response thereto, and having been otherwise sufficiently advised, ORDERS that the motion be GRANTED and that this appeal be DISMISSED for failing to timely file the notice of appeal. *Matthews,* 341 S.W.3d 594.

CAPERTON, Judge, Concurs and Files Separate Opinion.

CAPERTON, Judge, Concurring.

I concur in Chief Judge Acree's opinion and order because we are bound by the precedent of *Matthews.* He is correct in articulating the holding of that opinion and concluding we are now obligated to follow it.

However, I write separately to voice my disagreement with *Matthews* because that case places an undue burden on litigants and their counsel. CR 59.05 requires that a motion to alter, amend, or vacate be filed within ten days of entry of the judgment. Under *Matthews'* articulation of CR 59.05 and the accompanying obligations of CR 7.02, litigants are required not only to file the motion, but also to identify and articulate the reasons which merit disturbing the judgment within this short time. While these tasks may be relatively easy to accomplish when the matter is resolved prior to trial or extensive pretrial litigation, such tasks become insurmountable following a more complex procedural history and, most certainly, a lengthy trial. The members of the Kentucky Bar are far too harried by the demands of their practices to be expected, in less than two weeks, to reflect on their prosecution of the case of which the judgment disposes and to identify the bases of the trial court's error.

I believe, rather, that it is sufficient that a party file a bare motion to alter, amend, or vacate within the ten-day period prescribed by CR 59.05, and then supplement the motion with a supportive memorandum prior to the trial judge's deliberation. Literal application of CR 7.02 to CR 59.05 is unwarranted.

While I disagree with *Matthews,* it is *stare decisis* which we must follow. For that reason, I concur.

THOMPSON, Judge, Dissents and Files Separate Opinion.

THOMPSON, Judge, Dissenting.

I respectfully dissent. I admit that *Matthews v. Viking Energy Holdings, LLC,* 341 S.W.3d 594 (Ky.App.2011), supports the view taken by the majority. However, I believe that its holding should be revisited and this Court's strict adherence to technical rules be replaced with our modern substantial compliance approach to our procedural rules.

In *Ready v. Jamison,* 705 S.W.2d 479 (Ky.1986), our Supreme Court recognized the injustice of strict application of our appellate rules of procedure and established the doctrine of substantial compli-

ance in this jurisdiction. In doing so, it explained:

> With this new policy we seek to recognize, to reconcile and to further three significant objectives of appellate practice: achieving an orderly appellate process, deciding cases on the merits, and seeing to it that litigants do not needlessly suffer the loss of their constitutional right to appeal.

*Id.* at 482. In *City of Devondale v. Stallings,* 795 S.W.2d 954, 957 (Ky.1990), the Court further explained its landmark holding.

> We held that these nonjurisdictional defects in the notice of appeal should not result in automatic dismissal; rather, the Court should consider any harm or prejudice resulting from the defect in deciding the appropriate sanction. We concluded that since no substantial harm resulted to the parties, dismissal of the appeal was an inappropriate remedy.

In this case, a timely CR 59.05 motion and a timely notice of appeal were filed. The majority's decision that the motion was insufficient is not jurisdictional. Therefore, we must follow the substantial compliance rule and its corresponding consideration of whether any harm resulted from the lack of specificity in the motion. *Lassiter v. American Exp. Travel Related Services Co. Inc.,* 308 S.W.3d 714, 718 (Ky. 2010). As our Supreme Court has pointed out, our emphasis is not on technicalities but on promoting justice by deciding cases on their merits. *Id.*

Although, in *Matthews,* this Court rejected the view expressed by the South Carolina Court in *Camp v. Camp,* 386 S.C. 571, 689 S.E.2d 634 (S.C.2010), I believe that Court's reasoning is consistent with the current approach taken by Kentucky regarding our procedural rules. The South Carolina Court applied a prejudice analysis and framed the issue as follows:

The particularity requirement "is to be read flexibly in 'recognition of the peculiar circumstances of the case.'" *Cambridge Plating Co., Inc. v. Napco, Inc.,* 85 F.3d 752, 760 (1st Cir.1996) (quoting *Registration Control Sys., Inc. v. Compusystems, Inc.,* 922 F.2d 805, 808 (Fed. Cir.1990)). "By requiring notice to the court and the opposing party of the basis for the motion, rule 7(b)(1) advances the policies of reducing prejudice to either party and assuring that 'the court can comprehend the basis of the motion and deal with it fairly.'" *Calderon v. Kansas Dept. of Soc. and Rehab. Servs.,* 181 F.3d 1180, 1186 (10th Cir.1999) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1192, at 42 (2nd Ed.1990)). Therefore, when a motion is challenged for a lack of particularity, the court should ask "whether any party is prejudiced by a lack of particularity or 'whether the court can comprehend the basis for the motion and deal with it fairly.'" *Registration Control,* 922 F.2d at 807–08 (quoting 5 Wright & Miller, *Federal Practice and Procedure* § 1192, at 42). "The particularity requirement should not be applied in an overly technical fashion when the purpose behind the rule is not jeopardized." *Andreas v. Volkswagen of Am., Inc.,* 336 F.3d 789, 793 (8th Cir.2003) (citations omitted).

*Id.* at 575, 689 S.E.2d at 636 (footnote omitted).

In this case, there is no indication that the opposing party was prejudiced by the lack of particularity in the CR 59.05 motion. To the contrary, the court heard the arguments of counsel and decided the case on its merits. Moreover, even though this issue was included in the written response to the motion for new trial, this issue was not argued before the trial court at the hearing on the motion for new trial and is

now argued on appeal. Under the circumstances, any objection was waived and the notice of appeal was properly filed. The trial court retained jurisdiction over the case and, when it accepted the CR 59.05 motion and ruled on its merits, the time for appeal began. I believe the majority has usurped the trial court's discretionary powers to either accept or reject the motion, or to grant an extension of time to file a memorandum with proper citations to the trial record.

Finally, I point out the practical dilemma resulting from the application of CR 7.02(1) to CR 59.05 motions. Although, perhaps not the case here, when litigation is complex and lengthy, the preparation of a CR 59.05 motion stating all grounds with particularity within ten days of a judgment is an onerous burden. Essentially, the majority requires counsel to prepare and file a motion and supporting memorandum within a time period shortened by weekends and perhaps holidays, and maintain an ongoing practice. I do not believe that fairness or justice is served by such a rule. For this reason, I do not believe the rigid requirements imposed by the majority are appropriate in the context of a CR 59.05 motion.

For the reasons stated, I would not dismiss this appeal, and I urge our Supreme Court to overrule our Court's opinion in *Matthews v. Viking Energy Holdings, LLC,* 341 S.W.3d 594 (Ky.App.2011).