### KENTUCKY FARM BUREAU MUTUAL INSURANCE COMPANY, Appellant

v.

**Keith Justin CONLEY, Loretta Newsome, and Gregory Newsome, Individually, and as Administrator for the Estate of Jessica Newsome, Appellees**

2013–SC–000252–DG

Supreme Court of Kentucky.

RENDERED: APRIL 2, 2015

As Corrected April 21, 2015

COUNSEL FOR APPELLANT: Michael D. Risley, Marcia L. Wireman, Bethany A. Breetz

COUNSEL FOR APPELLEE, KEITH JUSTIN CONLEY: Stephen W. Owens, Ned Barry Pillersdorf, Deborah R. Lewis

COUNSEL FOR APPELLEES, LORETTA NEWSOME and GREGORY NEWSOME, INDIVIDUALLY, AND AS ADMINISTRATOR FOR THE ESTATE OF JESSICA NEWSOME: Glenn Martin Hammond

OPINION OF THE COURT BY JUSTICE ABRAMSON

Kentucky Farm Bureau Mutual Insurance Company seeks discretionary review of a dismissal of its appeal of a Knott Circuit Court order declaring that a homeowner's insurance policy provided cover-

age for claims arising from a murder that took place in the insured's home. The Court of Appeals dismissed Kentucky Farm Bureau's appeal as untimely after concluding that a Kentucky Rule of Civil Procedure (CR) 59.05 motion to alter, amend, or vacate the trial court's order was deficient due to a lack of "particularity" and therefore failed to toll the time for filing a notice of appeal. Kentucky Farm Bureau now claims that the Court of Appeals erred in dismissing its appeal. We agree, and reverse and remand.

## FACTS

In 2006, Keith Justin Conley ("Conley") was convicted of murdering his girlfriend, Jessica Newsome, who he fatally shot in the home of his father, Keith E. Conley.[1] Conley and Jessica were living in Keith E. Conley's home at the time of the shooting. Gregory and Loretta Newsome ("the Newsomes") brought a wrongful death cause of action against Conley for damages arising from their daughter's death. At the time of the shooting, Keith E. Conley's home was insured through a homeowner's insurance policy issued by Kentucky Farm Bureau. Subject to a reservation of rights, Kentucky Farm Bureau provided a defense to Conley for the Newsomes' claims against him. Kentucky Farm Bureau also intervened in the action for the purpose of seeking a declaration that the homeowner's insurance policy issued to Conley's father did not provide coverage to Conley for the claims arising from Jessica Newsome's murder.

After Conley's conviction became final in 2007,[2] Kentucky Farm Bureau moved the trial court for a ruling on its petition for a declaratory judgment. On June 23, 2011, the trial court ruled that the homeowner's insurance policy provided coverage for Conley's acts, and ordered Kentucky Farm Bureau to satisfy the judgment or provide a defense in the claim against Conley. On June 29, Kentucky Farm Bureau filed a motion under CR 59.05 asking the court to alter or amend its June 23 order. In the motion, Kentucky Farm Bureau did not present an argument, but stated that "counsel will tender a brief" in support of the motion. The motion was noticed for August 11, the next available motion day that the presiding judge would be present. Kentucky Farm Bureau tendered its supporting memorandum on August 8. In the supporting memorandum, Kentucky Farm Bureau argued that Conley's intentional act of shooting Jessica Newsome did not meet the definition of "occurrence" as defined (and covered) by the policy.

Also on August 8, the Newsomes filed a motion to strike Kentucky Farm Bureau's CR 59.05 motion, arguing that it failed to comply with CR 7.02 because it did not "state with particularity the grounds" supporting the motion. Two days later, the Newsomes filed a response to Kentucky Farm Bureau's CR 59.05 motion. On August 11, the trial court conducted a hearing on both Kentucky Farm Bureau's CR 59.05 motion and the Newsomes' motion to strike. At the hearing, Kentucky Farm Bureau argued that because Jessica Newsome's death was not caused by an accident, it was not covered by Keith E. Conley's homeowner's insurance policy. The

---

1. Some orders from the Court of Appeals identify the Appellee as "Keith Justin Conley," while some trial court orders (as well as this Court's opinion in the underlying matter of right criminal case) identify the Appellee as "Justin Keith Conley." Because father and son have similar names, we will refer to the son, Keith Justin Conley, as "Conley," and to the insured, Keith E. Conley, by his full name.

2. See Conley v. Commonwealth, 2006–SC–000427–MR, 2007 WL 2404510 (Ky. Aug. 23, 2007).

trial court entered an order on August 30 denying Kentucky Farm Bureau's CR 59.05 motion. The order did not address the reasons for denying the motion, nor did it address the Newsomes' motion to strike.

On September 26, Kentucky Farm Bureau filed its notice of appeal.[3] The Newsomes moved to dismiss the appeal as untimely, arguing that Kentucky Farm Bureau's CR 59.05 motion did not toll the 30–day period in which notice was to be filed. The Court of Appeals dismissed Kentucky Farm Bureau's appeal on the grounds that the CR 59.05 motion failed to conform with CR 7.02, rendering the motion invalid and the subsequent notice of appeal untimely. The Court of Appeals concluded that pursuant to CR 73.02, Kentucky Farm Bureau was required to file its notice of appeal no later than July 25, 2011.

This Court granted discretionary review to address the dismissal of Kentucky Farm Bureau's appeal based on the purported insufficiency of the CR 59.05 motion. We now find that Court of Appeals erred in dismissing Kentucky Farm Bureau's notice of appeal because the CR 59.05 motion, while failing to strictly comply with the particularity requirement of CR 7.02, was nevertheless timely. As such, the motion tolled the time for filing the notice of appeal pursuant to CR 73.02, and Kentucky Farm Bureau timely filed its notice of appeal on September 26.

### ANALYSIS

A party seeking review of a lower court's decision must file a notice of appeal "within 30 days after the date of notation of service of the judgment." CR 73.02. A motion to alter, amend, or vacate a judgment under CR 59.05 will terminate the running of time for filing a notice of appeal, with the "full time" commencing upon entry of an order granting or denying the motion. CR 73.02(1)(e). Under our rule governing motions generally, CR 7.02, motions must "state with particularity the grounds therefor[.]"

Kentucky Farm Bureau's CR 59.05 motion to alter or amend, tendered on June 29, 2011, stated in its entirety:

> Comes the Intervening Plaintiff, Kentucky Farm Bureau Mutual Insurance Company, by counsel, and hereby moves this Court to alter, amend or vacate it's [sic] Order and Judgment entered on June 23, 2011. In Support of this motion, counsel will tender a brief to be reviewed by the Court.

The Court of Appeals concluded that Kentucky Farm Bureau's CR 59.05 motion was not sufficiently particular to satisfy CR 7.02. Applying its earlier decision in *Matthews v. Viking Energy Holdings, LLC*, 341 S.W.3d 594 (Ky. Ct. App.2011), the Court of Appeals held that "[w]hen a motion states no grounds ... it is deficient and does not toll the 30–day period in which to file a notice of appeal." According to the appellate court, because the deficient CR 59.05 motion did not trigger the tolling provision of CR 73.02(e), Kentucky Farm Bureau was required to appeal the trial court's order no later than July 25, 2011. Kentucky Farm Bureau's September 26 notice of appeal was dismissed accordingly as untimely.

The Court of Appeals *Matthews* decision was not the subject of a motion for discretionary review by this Court and, over the last few years, appears to have guided the appellate court in addressing procedural scenarios such as the one presented here. Because *Matthews* departs from this

---

**3.** The Newsomes' cross-appeal, filed on October 12, 2011, was dismissed as untimely.

Court's precedent generally regarding appellate practice, it warrants discussion.

The litigants in *Matthews* moved the trial court to vacate, alter, or amend a judgment quieting title to an easement. 341 S.W.3d at 595. The motion, void of any supporting arguments, was denied, and the litigants then filed a notice of appeal within thirty days of the denial of the CR 59.05 motion. *Id.* at 596. Dismissing the appeal, the Court of Appeals held that the CR 59.05 motion was "incomplete" and "invalid" because it did not comply with the particularity requirement of CR 7.02. Based on that premise, the *Matthews* court went further and stated the circuit court "lacked jurisdiction to entertain" the motion, and that the motion failed to toll the 30–day filing period for the notice of appeal. *Id.* at 599. In so holding, the Court of Appeals purported to adopt the "majority rule" announced in *Martinez v. Trainor*, 556 F.2d 818, 820 (7th Cir.1977), to the effect that a motion to alter, amend, or vacate a declaratory judgment that fails to "state even one ground for granting the motion" does not stay the running of appeal time.

 The most significant flaw in the *Matthews* decision is its failure to acknowledge our Kentucky doctrine of substantial compliance in the area of appellate practice, a doctrine first adopted in *Ready v. Jamison*, 705 S.W.2d 479 (Ky.1986), and repeatedly reaffirmed by this Court in the intervening years. In *Ready*, this Court emphasized the importance of hearing cases on the merits and preserving the constitutional right to an appeal, casting dismissal as a disfavored remedy for a violation of procedural rules. 705 S.W.2d at 481–82. The aim of substantial compliance

is to "recognize, to reconcile and to further three significant objectives of appellate practice: achieving an orderly appellate process, deciding cases on the merits, and seeing to it that litigants do not needlessly suffer the loss of their constitutional right to appeal." *Id.* at 482. To that end, the appropriate sanction for the violation of a rule is *not* automatic dismissal; rather, the penalty must be commensurate with the harm caused and the severity of the defect, as determined on a case-by-case basis. *Id.* "Excepting for tardy appeals[4] and the naming of indispensable parties, we follow a rule of substantial compliance." *Johnson v. Smith*, 885 S.W.2d 944, 950 (Ky. 1994); *Lassiter v. Am. Express Travel Related Services Co., Inc.*, 308 S.W.3d 714, 718 (Ky.2010).

The *Matthews* decision, in both reasoning and result, is wholly incompatible with our doctrine of substantial compliance. Specifically, *Matthews's* denunciation of a "prejudice-weighing analysis" conflicts with the principles espoused in *Ready* and its progeny. 341 S.W.3d at 598. Under *Matthews*, a CR 59 motion that deviates from the provisions of CR 7.02 to *any degree* is treated as though it were never made. The consequence, as illustrated by the appellate court's holding in the present case, is the loss of an appeal because the very real, yet purportedly non-existent, CR 59.05 motion failed to toll the running of the appeal time. Admittedly, where a litigant's procedural misstep is appreciably serious, dismissal may be the appropriate remedy. *See* CR 73.02(2)(a); *Ready*, 705 S.W.2d at 482. The seriousness of the harm caused is, quite plainly, a critical element in the application of the substantial compliance doctrine. *See Flick v. Es-*

---

4. Of course under the Court of Appeals' logic, Kentucky Farm Bureau did file a "tardy appeal" but the tardiness arose only because the appellate court deemed the CR 59.05 motion deficient under CR 7.02 (a ruling the trial court never made) and treated the motion as though it had never been filed.

*tate of Wittich,* 396 S.W.3d 816 (Ky.2013) (clerical error in naming parties to an appeal did not prejudice the parties); *Crossley v. Anheuser–Busch, Inc.,* 747 S.W.2d 600 (Ky.1988) (a tardy prehearing statement properly served did not result in harm to the parties). However, under *Matthews,* a reviewing court foregoes inquiry into the harm, if any, caused by the defect or deficiency, and a party's right to an appeal is automatically discarded.

The *Matthews* decision further errs in its assertion that a rule of strict compliance is consistent with Kentucky precedent. In *Newdigate v. Walker,* 384 S.W.2d 312 (Ky.1964), our predecessor Court affirmed a trial court's striking of a motion to dismiss for its failure to conform with CR 7.02 and a local rule. *Id.* at 313. The local rule in question required parties to "state with particularity the grounds for motions"—a provision that the Court agreed was compatible with CR 7.02. *Id.* The Court of Appeals in *Matthews* seized upon this language, declaring that *Newdigate's* approval of the local rule is supportive of a policy of strict compliance with the particularity requirements of CR 7.02 for CR 59.05 motions. However, the *Newdigate* Court explicitly rejected a provision of the same local rule providing that a motion not stated with particularity is to be deemed a "dilatory" motion that "will not toll time for filing a responsive pleading." Our Court rejected this language as contrary to the tolling provision provided in CR 12.01 for timely motions to dismiss. *Id.* Therefore, *Matthews* is, in fact, directly at odds with *Newdigate* as to the tolling effect of a timely, but insufficiently "particular," motion.

The plain language of our rules also supports rejection of *Matthews'* rigid rule. A CR 59.05 motion is to be filed within ten days of the entry of the trial court's order. *See* CR 59.05. The tolling provision of CR

73.02 provides that "[t]he running of the time for appeal is terminated by *a timely motion*" under CR 59. CR 73.02(*l*)(e) (emphasis added). The application of the tolling provision does not turn on the characteristics of a particular CR 59.05 motion, *e.g.,* its merits or its compliance with general pleading rules including the particularity provision in CR 7.02, but only its timeliness.

In short, *Matthews* is irreconcilable with our policy of substantial compliance in the prosecution of appeals, and inconsistent with controlling precedent and our rules. To return to a doctrine of strict compliance would compromise this Court's effort to cultivate principles of appellate procedure focused on deciding cases on the merits and preserving a party's constitutional right to appeal. *See Johnson,* 885 S.W.2d at 949. *Matthews* represents an anomaly in our otherwise well-settled procedural compliance jurisprudence. Accordingly, we overrule it.

■ Turning to the present case and applying the case-by-case approach adopted in *Ready v. Jamison,* we cannot say that the Newsomes suffered any harm as a result of Kentucky Farm Bureau's "skeletal" CR 59.05 motion. The timely-filed motion was supplemented with a memorandum, as promised, in advance of the hearing date. The Newsomes responded to the motion, both in writing and at the hearing, and ultimately prevailed on the single issue before the court, *i.e.,* whether the policy covered a murder committed in the home. And while the trial court's order was silent as to the basis of its denial of the CR 59.05 motion, the record before us (the hearing, the supporting memorandum, and the response thereto) establishes that the trial court considered the merits of Kentucky Farm Bureau's CR 59.05 motion. In short, the CR 59.05 motion was addressed in the

normal course by a trial court that clearly had jurisdiction to decide whether there were grounds for altering its earlier judgment. While there is no doubt that Kentucky Farm Bureau's CR 59.05 motion did not strictly adhere to the particularity requirement of CR 7.02, we conclude that the defect did not prejudice the parties nor was it so serious in nature that it should have been stricken. *See Johnson,* 885 S.W.2d 944; *Lassiter,* 308 S.W.3d at 718; *Flick,* 396 S.W.3d 816.

■ Nothing in this Opinion is meant to diminish the importance of adherence to CR 7.02. Parties ignoring or showing little regard for the particularity requirement do so at their own peril, as "placeholder" tactics may be met by the loss of the motion, the imposition of costs, or other penalties as determined by the trial court. CR 73.02. To reiterate: the penalty imposed for the violation of a rule of procedure must bear a reasonable relationship to the harm caused and the seriousness of the defect. *Ready,* 705 S.W.2d at 482. Under our policy of substantial compliance, the remedy for an insufficiently particular CR 59.05 motion may be loss of that motion or sanctions, but it is not the loss of the right to an appeal.

## CONCLUSION

For the reasons stated herein, we reverse the March 2, 2013 Order of the Court of Appeals dismissing Kentucky Farm Bureau's appeal as untimely and remand the matter for proceedings consistent with this Opinion.

Minton, C.J.; Cunningham, Noble, and Venters, JJ., and Special Justice Richard W. Martin and Special Justice David B. Sloan, sitting. All concur.