RENDERED: JANUARY 10, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0242-MR

JOSEPH O. HOFFMAN,
INDIVIDUALLY AND AS CO-
TRUSTEE OF THE REMEDY
FAMILY REVOCABLE TRUST AND
CAROL A. HOFFMAN,
INDIVIDUALLY AND AS CO-
TRUSTEE OF THE REMEDY
FAMILY REVOCABLE TRUST                                        APPELLANTS

|  |  |  |
|---|---|---|
| v. | APPEAL FROM BOURBON CIRCUIT COURT HONORABLE JEREMY MICHAEL MATTOX, JUDGE ACTION NO. 20-CI-00138 |  |

FRANK B. CLAY AND ELIZABETH
C. CLAY                                                            APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ECKERLE, L. JONES, AND KAREM, JUDGES

ECKERLE, JUDGE: Appellants, Joseph O. Hoffman and Carol A. Hoffman,

individually and as co-trustees of the Remedy Family Revocable Trust

(collectively, "the Hoffmans") seek review of an order of the Bourbon Circuit

Court that they claim granted summary judgment to Appellees, Frank B. Clay and Elizabeth C. Clay ("the Clays"). In actuality, the order only granted a partial summary judgment. Further, the parties have litigated a renewed motion for summary judgment, which is not addressed in detail in the appellate briefings. To add confusion, the Hoffmans apparently and initially intended to appeal the original order of partial summary judgment. In their prehearing statement, the Hoffmans argued that summary judgment was inappropriate. They have apparently now abandoned that quest, and in their brief on appeal, they concede at the outset that the matter was ripe for summary judgment. They now argue only that the Trial Court erred in calculating the offsetting balances owed on the respective notes held by each party. However, in addition to deficient framing of the factual and procedural history of the case and the issues, the Hoffmans' brief fails to comply with the Kentucky Rules of Appellate Procedure ("RAP") in several, significant respects. Furthermore, the Hoffmans neglect to provide any citations to the evidence of record to show that the Trial Court's calculations were erroneous. Hence, we affirm the summary judgment.

On August 10, 2017, the Clays executed a promissory note in the amount of $350,000.00 at one and one-half percent interest to the Hoffmans ("the Hoffman Note"). The Hoffman Note was payable in full on or by the maturity date of September 30, 2017, and it was secured by real property owned by the Clays.

The parties sometimes refer to the Hoffman Note as a mortgage. Less than one week after execution of the Hoffman Note, on August 16, 2017, the Clays and the Hoffmans entered into a real estate purchase agreement for the property secured by the note, in the amount of $625,000.

On November 17, 2017, when the closing occurred on the real property, the Hoffmans signed a deed of release. However, the meaning of this deed is unclear, and the parties would disagree about whether that deed released the obligation on the underlying Hoffman Note. On the same November date, the Hoffmans executed a promissory note in the amount of $383,000.00, plus interest at one and one-half percent, payable in full on or before the maturity date of April 30, 2018 ("the Clay Note"). In addition to the Clay Note, the Hoffmans also agreed to pay various closing costs, a delinquent tax bill, and three outstanding notes owed to Traditional Bank, totaling $236,217.46. Thus, at closing, the Hoffmans' total obligation was $871,168.58. Following execution of the Clay Note, the Hoffmans took possession of the property.

In July of 2020, the Clays filed this action alleging that the Hoffmans were in default of the Clay Note. The Hoffmans filed an answer and counterclaim, which included seeking enforcement of the Hoffman Note. In June of 2023, the Clays filed a motion for summary judgment to enforce the Clay Note. In their response, the Hoffmans acknowledged executing a release of the Hoffman

mortgage but stated that the release did not satisfy the Hoffman Note. On September 5, 2023, the Trial Court granted partial summary judgment in the Clays' favor, dismissing all claims except for the claims seeking enforcement of the respective notes.

On November 20, 2023, the Clays filed a renewed motion for summary judgment, seeking either an order finding that the Hoffman Note remained enforceable and to offset their payments on that Note against the balance due on the Clay Note. In support of the motion, the Clays presented evidence of checks and bank statements, as well as supporting affidavits, showing checks paid by them totaling $59,192.04 and loan payoffs from the purchase price of the Clay property resulting in a total, alleged, remaining value of the Hoffman Note, including interest, at $60,892.56. The Clays sought damages in this amount to be credited against the remaining balance owed on the Hoffman Note, resulting in net damages of $355,530.92.

In its order granting renewed summary judgment, entered January 10, 2024, the Trial Court found that the Clays had sufficiently documented the payments and bank statements on the respective loans, while the Hoffmans had failed to provide any contrary evidence establishing a genuine issue of material fact on these issues. Consequently, the Trial Court granted a judgment to the Clays in this amount. The Hoffmans now appeal from this judgment, and as stated

above, appear to have abandoned the original appeal of the original grant of partial summary judgment. Additional facts will be set forth below as necessary.

"[T]he proper function of summary judgment is to terminate litigation when, as a matter of law, it appears that it would be impossible for the respondent to produce evidence at the trial warranting a judgment in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Kentucky Rule of Civil Procedure ("CR") 56.03. The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor. *Steelvest*, 807 S.W.2d at 480. The Trial Court "must examine the evidence, not to decide any issue of fact, but to discover if a real issue exists." *Id.* Since a summary judgment involves no fact-finding, this Court's review is *de novo*, in the sense that we owe no deference to the conclusions of the Trial Court. *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996).

The Hoffmans' brief incorrectly asserts that the Trial Court made factual decisions, and that this Court can make new factual determinations from the

-5-

exhibits and proof below.  To the contrary, no fact-finding occurs at the appellate level, and the issues that concern us here are solely ones of law.

Turning to those issues, the Hoffmans now concede that the Trial Court correctly granted summary judgment, and apparently partial as well as renewed, as a matter of law for the Clays.  They apparently now admit that the Hoffman Note remains entirely unpaid.  They also agree that the remaining balances on the Hoffman Note and the Clay Note should be offset against one another to determine the amount to be awarded to Clays.  Next, the Hoffmans acknowledge that the Trial Court properly reduced the balance due on the Clay Note by $59,192.04, representing the amounts paid by the Clays.  Thus, in their sole remaining argument on appeal, they only contest the Trial Court's calculation of damages, alleging narrowly that the Trial Court erred by reducing the balance on the Clay Note by an additional $236,217.46.  While the Hoffmans agree that the Clays made these payments, they assert that the payments were applied to other notes.  Consequently, the Hoffmans contend that the Clays were not entitled to the benefit of this credit.

A glaring deficiency in this argument is that the Hoffmans fail to provide any legal or factual support for their remaining claims.  RAP 32A(4) requires that an Appellant's brief include "ample references to the specific location in the record and citations of authority pertinent to each issue of law and which

-6-

shall contain at the beginning of the argument a statement with reference to the record showing whether the issue was properly preserved for review and, if so, in what manner." The Hoffmans' brief does not include a specific statement showing how or where this particular issue was preserved for review. Similarly, the Hoffmans' brief does not include any citations to the record to the evidence supporting their factual assertions.

In addition, and as mentioned above, the Hoffmans' Prehearing Statement identified a completely different issue from the narrow issue they raise in their brief now.[1] Under RAP 22(C)(2), a party shall be limited to the issues identified in the prehearing statement, "except . . . upon a timely motion demonstrating good cause, the Court of Appeals may permit additional issues to be raised." No such motion was made here. Finally, apart from a general recitation of the summary judgment standard, the Hoffmans' brief does not include any legal authority supporting their claims of error on this single point.

In their Appellees' brief, the Clays pointed out these deficiencies. In their reply brief, the Hoffmans concede these errors but make no effort to correct them. The Hoffmans simply state that they "have no objection to re-submitting

---

[1] In their Prehearing Statement, the Hoffmans advised this Court that the issue on appeal was whether "[t]he Circuit Court abused its discretion by entering Summary Judgment in favor of Appellees."

their Brief to correct any and all technical errors if this Court so orders." However, they did not file a motion requesting leave to file a corrected brief, and the burden is not on the Court to cause parties to comply with the well-established rules and standards that are far more than "technical" in nature.

The Hoffmans attempt to rely on the doctrine of substantial compliance set forth in *Kentucky Farm Bureau Mutual Insurance Co. v. Conley*, 456 S.W.3d 814, 818-19 (Ky. 2015). The correct standard that this Court may apply to non-compliant briefing is one of manifest-injustice review. *Ford v. Commonwealth*, 628 S.W.3d 147, 155 (Ky. 2021). This Court may also dismiss the appeal in its entirety. We have elected instead to use the more-forgiving standard of review. But even under this standard, the Hoffmans, as Appellants, still bear the burden on appeal to establish that the Trial Court's judgment was incorrect. Thus, since they have conceded that the matter was ripe for summary judgment, the Hoffmans must establish that the Trial Court's calculation of damages was not supported by uncontested evidence.

As noted by the Trial Court, the Clays presented affidavits and documentation showing that the Clays issued checks to the Hoffmans and Traditional Bank between December 2017 and March 2019. The affidavits and accompanying bank statements also show the manner by which these payments were allocated. Once the Clays made a *prima facie* case entitling them to

judgment, the burden shifted to the Hoffmans to present some affirmative evidence showing that there was a genuine issue of material fact requiring trial. *First Federal Sav. Bank v. McCubbins*, 217 S.W.3d 201, 203 (Ky. 2006). But in their response to the Clays' motion for summary judgment, the Hoffmans merely asserted, without any evidentiary support, that the Clays' payments may have been applied to the payoff of three different notes that the Hoffmans owed to Traditional Bank. However, the Hoffmans did not provide the Trial Court with any evidence supporting this assertion; nor have they directed this Court to any specific evidence of record supporting this claim. Therefore, we are compelled to affirm the Trial Court's order granting summary judgment.

Accordingly, we affirm the summary judgment entered by the Bourbon Circuit Court.


ALL CONCUR.


| BRIEFS FOR APPELLANTS: | BRIEF FOR APPELLEES: |
|---|---|
| William H.B. Rich<br>Paris, Kentucky | Stephen G. Amato<br>T. Neal Morris<br>Lexington, Kentucky |