**Louis L. MARTIN, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 2005–CA–001169–MR.**

Court of Appeals of Kentucky.

June 30, 2006.

Discretionary Review Denied by Supreme Court Oct. 12, 2006.

Before TAYLOR and VANMETER, Judges; EMBERTON, Senior Judge.[1]

## OPINION

VANMETER, Judge.

Louis Lamont Martin appeals pro se from the Fayette Circuit Court's order overruling his petition for a writ *venire facias de novo*. For the following reasons, we affirm.

In a previous opinion,[2] the Kentucky Supreme Court set forth the facts in the matter now before us as follows:

On May 26, 1996, the body of the deceased victim, Dwayne Gatewood, was found in a gravel parking lot on Sunshine Lane in Lexington with a gunshot wound to the forehead. Gatewood's car, which had been stolen during the incident, was recovered by police two days later. Following an investigation which included interviews with Appellant and numerous others, Appellant was arrested in December 1996. Based on a tip from an acquaintance of Appellant, the police recovered a .25 caliber Raven semi-automatic pistol which was buried on a middle school football field. A comparison of the bullet recovered during the autopsy and a bullet fired from the pistol revealed that the general rifling characteristics were similar. However, considerable rust in the barrel of the gun prevented a conclusive determination that it was, in fact, the murder weapon.

Although Appellant was under the age of eighteen at the time of the commission of the offenses, because of the use of a firearm his case was transferred from the juvenile court after a transfer

Louis L. Martin, Eddyville, pro se.

Gregory D. Stumbo, Attorney General of Kentucky, Todd D. Ferguson, Assistant Attorney General, Frankfort, KY, for appellee.

---

1. Senior Judge Thomas D. Emberton sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

2. *Martin v. Commonwealth,* 98–SC–000110–MR, slip op. at 1–2 (Ky.1999).

hearing. He was subsequently indicted for murder and first-degree robbery. Following a trial, Appellant was convicted of wanton murder and theft by unlawful taking over $300, and sentenced to thirty-five years imprisonment.

The court went on to affirm Martin's conviction after considering the following issues:

(1) the trial court's admission of a gruesome photograph; (2) failure to exclude [Martin's] statement concerning the ownership of a handgun; (3) improper redirect examination; (4) improper jury instructions; and (5) failure to exclude [Martin's] juvenile conviction in the truth in sentencing phase.[3]

On October 21, 2004, Martin filed a petition for writ *venire facias de novo,* alleging that the trial court's self-protection jury instruction precluded a jury instruction on wanton murder. The trial court overruled Martin's motion on October 27, 2004; however, as Martin did not timely receive a copy of the court's order, the trial court again overruled his motion on May 24, 2005. This appeal followed.

■■■ *"Venire facias de novo"* is defined as follows:

A writ for summoning a jury panel anew because of some impropriety or irregularity in the original jury's return or verdict so that no judgment can be given on it. ● The result of a new venire is a new trial. In substance, this is a motion for new trial, but when the party objects to the verdict because of an error in the course of the proceeding (and not on the merits), the form of motion was traditionally for a venire facias de novo.[4]

In other words, Martin in essence has filed a motion for a new trial. Pursuant to RCr 10.06(1), a

motion for a new trial shall be served not later than five (5) days after return of the verdict. A motion for a new trial based upon the ground of newly discovered evidence shall be made within one (1) year after the entry of the judgment or at a later time if the court for good cause so permits.

As Martin's jury returned its verdict on December 17, 1997, and the trial court entered its judgment sentencing him to thirty-five years' imprisonment on February 3, 1998, his October 21, 2004, motion for a new trial was clearly untimely.

■■■ Further, Martin's motion also is untimely if it is characterized as an RCr 11.42 motion to vacate, set aside or correct the sentence as it was filed outside of the applicable three-year window.[5] In any event, "[i]t is not the purpose of RCr 11.42 to permit a convicted defendant to retry issues which could and should have been raised in the original proceeding, nor those that were raised in the trial court and upon an appeal considered by this court."[6] Martin should have raised this issue on direct appeal as he did another issue regarding the jury instructions, which the Kentucky Supreme Court discussed as follows:

At trial, Appellant objected to the giving of a wanton murder instruction, arguing that the Commonwealth's theory was that the crime was intentional, and the evidence did not support a wanton murder instruction. The trial court commented that it was Appellant who originally requested that such instruction be given.

---

3.  *Id.* at 2.

4.  *Black's Law Dictionary* 1553 (7th ed.1999).

5.  RCr 11.42(10).

6.  *Thacker v. Commonwealth,* 476 S.W.2d 838, 839 (Ky.1972).

The evidence presented at trial indicated that Appellant had gotten a ride from the victim, and that the victim began rubbing Appellant's leg and sexually propositioned him. As a result, Appellant became upset and pulled out his gun and made the victim park and get out of the car. Prosecution witnesses further testified that Appellant stated that he was talking to the victim with the gun pressed against the victim's forehead when the gun went off. Autopsy results confirmed that the gunshot wound was a contact wound, i.e., the barrel of the gun was in contact with the skin when the gun was fired.

Based on the evidence presented at trial, Appellant's conduct demonstrated an extreme indifference to the value of human life so as to warrant an instruction for wanton murder. *Harris v. Commonwealth,* Ky., 793 S.W.2d 802 (1990); *Nichols v. Commonwealth,* Ky., 657 S.W.2d 932 (1983), *cert. denied,* 465 U.S. 1028, 104 S.Ct. 1289, 79 L.Ed.2d 691 (1984).[7]

The Fayette Circuit Court's order is affirmed.

ALL CONCUR.

---

7. *Martin,* 98–SC–000110–MR at 5–6.