RENDERED:  DECEMBER 22, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1595-MR

JEFFERY BURKS                                                          APPELLANT


APPEAL FROM HANCOCK CIRCUIT COURT
v.      HONORABLE THOMAS O. CASTLEN, SPECIAL JUDGE
ACTION NO. 10-CR-00001


COMMONWEALTH OF KENTUCKY                                   APPELLEE



OPINION
AFFIRMING

** ** ** ** **

BEFORE:  DIXON, MCNEILL, AND TAYLOR, JUDGES.

TAYLOR, JUDGE:  Jeffery Burks brings this appeal from a June 29, 2015, Order

of the Hancock Circuit Court summarily denying a Kentucky Rules of Criminal

Procedure (RCr) 11.42 motion to vacate his sentence of imprisonment.  We affirm.

Following a jury trial, Burks was found guilty of five counts of first-

degree sexual abuse (victim under twelve years old), two counts of second-degree

sodomy, two counts of first-degree sexual abuse (victim under sixteen years old),

and three counts of first-degree sodomy (victim under twelve years old). There were three minor victims – H.S., J.S., and D.S. On August 20, 2012, the circuit court sentenced Burks to a total of twenty-years' imprisonment. Burks then filed a direct appeal, and the Kentucky Supreme Court affirmed the sentence in *Burks v. Commonwealth*, Appeal No. 2012-SC-00587-MR, 2014 WL 1514626 (April 17, 2014).

Burks also filed an RCr 11.42 motion to vacate his sentence of imprisonment. Burks claimed that trial counsel rendered ineffective assistance, thus entitling him to RCr 11.42 relief. On June 29, 2015, the circuit court denied the RCr 11.42 motion without an evidentiary hearing.

Subsequently, on December 22, 2020, Burks filed a motion for belated appeal in the Court of Appeals. Burks argued that counsel failed to receive a copy of the June 29, 2015, order denying the RCr 11.42 motion. By order entered June 23, 2021, the Court of Appeals granted the motion for belated appeal. This appeal follows.

Burks contends that trial counsel rendered ineffective assistance. Particularly, Burks alleged that trial counsel was unprepared for trial. Burks points out that he was indicted upon 101 offenses related to his alleged unlawful sexual contact with H.S., J.S., and D.S. from 2006 through 2010. According to Burks:

> The Friday before trial, trial counsel filed a Motion for Bill of Particulars and Motion in Limine. In the Motion for Bill of Particulars trial counsel argued that the indictment did not specify which victim related to any of the counts and requested the alleged victim of each count of the indictment and sufficient information to the time of each offense to delineate each count of the indictment.
>
> A review of this motion shows that trial counsel did not know which counts applied to which alleged victim. . . .
>
> Immediately prior to trial the Commonwealth amended the indictment to 24 counts: 12 counts of sodomy, first-decree, victim under 12; 7 counts of sexual abuse, first degree, victim under 12; 5 counts of sexual abuse, first decree, victim over 12. Most of the crimes pertained to HS. During the in chambers hearing regarding the Motion for Bill of Particulars, trial counsel stated that she could not proceed without more information in light of the amended indictment. Trial counsel objected to moving forward. Later during trial, trial counsel stated that she did not know which counts she was defending, and moved for a mistrial. Trial counsel was ineffective for her failure to be prepared for trial.

Burks Brief at 8-9 (citations omitted).

Upon review of denial of an RCr 11.42 motion without an evidentiary hearing, it must be determined whether appellant's allegations are refuted upon the face of the record. *Fraser v. Commonwealth*, 59 S.W.3d 448, 452 (Ky. 2001). If there are material issues of fact that cannot be refuted upon the face of the record, appellant is entitled to an evidentiary hearing. *Id.* In order to prevail upon an ineffective assistance of trial counsel claim, appellant must demonstrate that trial

-3-

counsel's performance was deficient and that such deficient performance resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Prejudice only occurs if trial "counsel's error were so serious as to deprive [appellant] of a fair trial, a trial whose result is reliable." *Id.*

In this case, Burks fails to set forth with sufficient specificity trial counsel's alleged deficient performance. Burks states that trial counsel was unprepared for trial, failed to effectively cross examine the victims, failed to adequately prepare Burks to testify, failed to call defense witnesses, and failed to introduce impeaching photographs at trial. However, Burks does not explain nor detail how trial counsel failed to properly cross-examine the victims or how Burks was inadequately prepared to testify. Additionally, Burks does not set forth the defense witnesses or their testimony and fails to even identify the photographs that should have been introduced. As a result, we conclude that Burks failed to demonstrate that trial counsel rendered deficient performance. Moreover, Burks has certainly not demonstrated the required prejudice from trial counsel's alleged deficient performance.

Burks next asserts that he was improperly convicted of two counts of second-degree sodomy as he was not indicted for same. Burks claims that he was only indicted upon first-degree sodomy and that second-degree sodomy is not a

lesser included offense of same. As a result, Burks argues that his sentence upon the two counts of second-degree sodomy is illegal.

The essence of this argument looks to the jury instructions provided by the trial court. Trial errors are corrected on direct appeal. *Gross v. Commonwealth*, 648 S.W.2d 853, 856 (Ky. 1983). This issue was not raised on direct appeal to the Kentucky Supreme Court. RCr 11.42 does not permit convicted defendants to retry issues that should have been addressed in the direct appeal. *Leonard v. Commonwealth*, 279 S.W.3d 151, 156 (Ky. 2009).

Accordingly, the issue of whether second-degree sodomy is a lesser included offense of first-degree sodomy should have been raised on direct appeal, not in an RCr 11.42 proceeding. *See Martin v. Commonwealth*, 203 S.W.3d 173, 175 (Ky. App. 2006). And, we reject Burks' argument that a sentencing issue may be corrected under RCr 11.42. *See Phon v. Commonwealth*, 545 S.W.3d 284, 305 (Ky. 2018).

In sum, we hold that the circuit court properly denied Burks' RCr 11.42 motion without an evidentiary hearing.

For the foregoing reasons, the order of the Hancock Circuit Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

J. Ryan Chailland
Assistant Public Advocate
Department of Public Advocacy
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky
Frankfort, Kentucky

Christina L. Romano
Assistant Attorney General
Frankfort, Kentucky