RENDERED: OCTOBER 27, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1031-MR


JAMES R. HUFFMAN, IV                                    APPELLANT


APPEAL FROM LETCHER CIRCUIT COURT
v.       HONORABLE KENT HENDRICKSON, SPECIAL JUDGE
ACTION NO. 14-CR-00003


COMMONWEALTH OF KENTUCKY                                APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; CETRULO AND COMBS, JUDGES.

CETRULO, JUDGE: Appellant James R. Huffman, IV, ("Huffman") appeals, *pro se*, from the Letcher Circuit Court denial of his Kentucky Rule of Criminal Procedure ("RCr") 11.42 motion for postconviction relief. We affirm.

# I. BACKGROUND

On New Year's Eve 2014, Huffman and his friend, Patrick Smith ("Smith"), were celebrating in Whitesburg when they met the victims: Michael Hogg ("Hogg"), Christopher Puckett, Stacy Phillips, and Samantha Mullins. These two groups did not know each other prior to the events in this case. Smith was tried separately and is not subject to this appeal.

A little after midnight, Huffman and Smith encountered two of the victims near StreetSide, a Whitesburg bar and grill, and conversed with them in their vehicle, a Jeep Grand Cherokee ("Jeep"). This was a cordial interaction that ended with Huffman and Smith walking away. The victims left the area and when they returned to one of their apartments, they realized a bottle of liquor was missing from the backseat of the Jeep. Assuming Huffman had stolen the bottle, the victims returned to the StreetSide area.

The victims found Huffman inside the bar and asked for return of the bottle. He denied having the bottle but said he would call a friend to ask if he had taken it. Witnesses described this interaction as non-threatening. While Huffman was on the phone, Huffman and the victims left the bar and walked to a nearby parking lot. Shortly thereafter, Huffman walked quickly toward the victims with something in his hand. A fight ensued, resulting in three of the victims being stabbed and/or cut. All the victims managed to get inside the Jeep and lock the

doors. Huffman and Smith both had knives and began beating on the sides of the Jeep and slashed its tires. The victims drove out of the parking lot, Huffman and Smith in pursuit. Due to the Jeep's flat tires, they could not drive to the hospital and instead, pulled over and called 911. By the time an ambulance arrived, Hogg was no longer breathing and was pronounced dead on arrival at the hospital. Another victim's stab wound was deemed life-threatening, and he was airlifted to another hospital where he later made a full recovery. A third victim's hand was cut and treated. After a three-week trial, Huffman was convicted of one count of complicity to murder, three counts of attempted murder, and one count of criminal mischief. He was sentenced to life imprisonment.

On direct appeal, Huffman alleged (1) the circuit court erred by denying his motion for change of venue; (2) the circuit court should have struck three of the jury pool members for cause; (3) the jury pool did not represent a fair cross-section of the community; (4) the circuit court erred by denying his motion to compel the presence of an out-of-state witness; (5) the circuit court erred by denying his motion for a directed verdict on two of the attempted murder counts; and (6) the circuit court erred by denying the admission of testimony by an expert witness. The Supreme Court affirmed in part, but reversed one of his convictions for attempted murder – due to insufficient evidence regarding one of the victims – and remanded for entry of an amended judgment. *James R. Huffman, IV v.*

*Commonwealth*, No. 2018-SC-000088-MR, 2019 WL 2463279 (Ky. Jun. 13, 2019). The amended judgment was entered by the circuit court.

In June 2020, Huffman filed a motion for RCr 11.42 relief, along with accompanying motions for a hearing to proceed *in forma pauperis* and for appointment of counsel. The Commonwealth filed a motion to dismiss because the motion was unverified. Huffman filed a duplicate motion and supporting memorandum, arguing the June motions should be accepted. However, those duplicative motions were also unverified. The circuit court dismissed both motions due to lack of verification.

In December 2021, Huffman filed a third motion for postconviction relief pursuant to RCr 11.42. Accompanying that motion, Huffman also filed a motion for an evidentiary hearing and appointment of counsel. In this RCr 11.42 motion, Huffman included this verification:

> The Movant James R. Huffman after being sworn *under oath* states he has read this **_RCr 11.42_** Motion to Vacate, Set Aside, or Amend the final judgment pursuant to **_RCr 11.42_** for Ineffective Assistance of Counsel, and the statements it contains are *true and correct* to the best of his knowledge and belief.

On July 27, 2022, the circuit court overruled Huffman's motions in full ("Original Order"). The court concluded that Huffman had not met his burden of overcoming the strong presumption that his three trial counsel's representation was within the wide range of reasonable professional assistance. Also, he had not

shown that he was prejudiced by any of the claimed errors. The court determined that an evidentiary hearing was not necessary because Huffman's claims "either fail[ed] to state a claim for RCr 11.42 relief while others [did] not present issue of fact or law that cannot be conclusively resolved by an examination of the record[.]" On July 28, the court received Huffman's "Supplement to / Amendment of RCr 11.42" that was stamped "filed" by the clerk on July 21.

On August 3, 2022, the circuit court – recognizing Huffman's right to amend his motion – entered a supplemental order addressing Huffman's additional motion and new arguments ("Supplemental Order"). Again, the circuit court walked through each of Huffman's claims and concluded that Huffman had not met his burden of showing his trial counsel were ineffective. This Supplemental Order sustained Huffman's motion to amend, but again overruled his ineffective assistance of counsel motion. Huffman appeals.

## II. STANDARD OF REVIEW

The denial of an RCr 11.42 motion is reviewed on appeal for an abuse of the trial court's discretion. *Bowling v. Commonwealth*, 981 S.W.2d 545, 548 (Ky. 1998). Abuse of discretion has been defined as being "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999) (citations omitted).

-5-

To succeed on a claim for ineffective assistance of counsel, one must meet the dual prongs of "performance" and "prejudice" provided in *Strickland v. Washington*, 466 U.S. 668, 697, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984), and *Gall v. Commonwealth*, 702 S.W.2d 37, 39 (Ky. 1985). First, a "defendant must show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688, 104 S. Ct. at 2064. Once deficient performance has been established, a defendant must show prejudice; *i.e.*, "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S. Ct. at 2068. In other words, not only must the litigant prove that counsel were ineffective, but that the ineffectiveness caused an outcome that would not have occurred but for the ineffectiveness.

## III. ANALYSIS

Before reaching the merits of the matter, we must first address two procedural issues.

### A. Procedural Concerns

First, Huffman's substantive arguments are dispersed across both the Original Order and the Supplemental Order. The Commonwealth argues that by only naming the Supplemental Order in his notice of appeal, the issues addressed in the Original Order are not properly before this Court. We disagree. The

-6-

Supplemental Order essentially absorbed the Original Order by stating "this Order

[] supplements, and does replace, the court's [O]riginal Order entered July 27,

2022[.]"

Additionally, the Kentucky Supreme Court has repeatedly emphasized

"the importance of hearing cases on the merits and preserving the constitutional

right to an appeal, casting dismissal as a disfavored remedy for a violation of

procedural rules." *Ky. Farm Bureau Mut. Ins. Co. v. Conley*, 456 S.W.3d 814, 818

(Ky. 2015) (citing *Ready v. Jamison*, 705 S.W.2d 479, 481-82 (Ky. 1986)). As

such, we shall treat this appeal as encompassing both the Original Order and the

Supplemental Order, and only those orders.[1]

Second, the circuit court questioned its jurisdiction due to the wording

of Huffman's verification. RCr 11.42 requires verification of the allegations made

therein:

> (2) The motion shall be signed and verified by the movant and shall state specifically the grounds on which the sentence is being challenged and the facts on which the movant relies in support of such grounds. Failure to comply with this section shall warrant a summary dismissal of the motion.

---

[1] The circuit court dismissed Huffman's prior RCr 11.42 motions for egregious errors in verification. Huffman did not appeal those RCr 11.42 motion denials, and those orders are not before us on review. We note, when RCr 11.42 motions are dismissed on *jurisdictional* grounds, like failure to properly verify, they do "not serve as an adjudication on the merits." *See Williams v. Commonwealth*, No. 2017-CA-001794-MR, 2019 WL 4389159, at *1, *3 (Sep. 13, 2019). That means subsequent RCr 11.42 motions "would not be successive." *Id.*

Huffman's verification ended with "the statements it contains are *true and correct* to the best of his knowledge and belief." The court questioned if "the verification should have stopped with 'true and correct' to comply with the purpose of the RCr 11.42 verification requirement – that in making allegations, the movant is subject to prosecution for perjury for falsehoods." The court opined as to whether the qualifier "to the best of his knowledge and belief" undermines the verification requirement. While we are cognizant of the court's concerns, we believe it acted correctly in proceeding to the merits. True, RCr 11.42(2) provides that a failure to comply with its verification requirement "shall warrant a summary dismissal of the motion." However, here, Huffman adequately verified his motion.

"Verification is defined as a formal declaration made in the presence of an authorized officer, such as a notary public, by which one swears to the truth of the statements in the document." *Taylor v. Ky. Unemployment Ins. Comm'n*, 382 S.W.3d 826, 834 (Ky. 2012) (internal quotation marks omitted) (quoting BLACK'S LAW DICTIONARY (7th ed. 1999)). Kentucky Courts have held that substantial compliance cannot save an RCr 11.42 motion from dismissal if it *was not* properly signed and verified. *Bowling*, 981 S.W.2d at 548. Here, however, these circumstances are different. We find substantial compliance *does* save this motion despite the addition of ambiguous language "to the best of his knowledge and belief."

> The procedure for obtaining relief pursuant to the provisions of RCr 11.42 must be complied with. The motion for relief must be in writing, verified by the movant, and state specifically the grounds of challenge and the facts in support thereof. . . . It is jurisdictional that the terms and provisions of RCr 11.42 must be complied with, even though a substantial, and not an absolute, compliance is adequate.

*Cleaver v. Commonwealth*, 569 S.W.2d 166, 169 (Ky. 1978).

Here, Huffman's written declaration states that it was sworn to "under oath"; the statements are "true and correct"; and he signed before a notary. While the addition of the ambiguous language "to the best of his knowledge and belief" is not best practice, we grant this *pro se* litigant leniency in finding he substantially complied with the verification requirement. *See Beecham v. Commonwealth*, 657 S.W.2d 234, 236 (Ky. 1983) ("Pro se pleadings are not required to meet the standard of those applied to legal counsel."). Again, our finding of substantial compliance is consistent with the guidance from our Kentucky Supreme Court's emphasis on proceeding on the merits when legally possible. *Conley*, 456 S.W.3d at 818.

### B. The Merits

As for the merits, on appeal Huffman makes an overarching, general claim that the jury was not properly advised as to the applicable law. Specifically, Huffman argues his trial counsel were ineffective because they did not present (1)

jury instructions of reckless homicide, (2) a "choice of evils" defense, nor (3) a proper self-defense claim.[2]

First, Huffman argues "Counsel was ineffective for not requesting an [instruction] of Reckless Homicide. . . .  If such had been done, the jury would've at best (and most appropriately) been properly instructed on the offense that's most applicable to the elements & what actually transpired."  However, the Supplemental Order states, "Defense counsel tendered a Reckless Homicide instruction, but the court determined it was not authorized[,]" referencing *Sturgeon v. Commonwealth*, 521 S.W.3d 189 (Ky. 2017).  Therefore – because defense counsel *did* request reckless homicide instructions – Huffman's issue is rooted in the circuit court's refusal to give the jury reckless homicide instructions, not with his counsel's "ineffectiveness."  As such, Huffman's issue with jury instructions was *not* due to the ineffective assistance of counsel – as is pertinent to this present appeal – but is with the circuit court's denial of those instructions.  Issues with jury instructions should have been challenged within Huffman's direct appeal.  *Martin v. Commonwealth*, 203 S.W.3d 173, 175 (Ky. App. 2006) (citation omitted).  Issues that could have been raised at direct appeal, are not appropriate for a subsequent RCr 11.42 motion.  *See Teague v. Commonwealth*, 428 S.W.3d 630,

---

[2] Huffman argued other claims, but he waived them in his appellate reply brief, did not properly preserve them, and/or did not argue with enough clarity to be discernible for appellate review.

633 (Ky. App. 2014) ("An RCr 11.42 motion is limited to the issues that were not and could not be raised on direct appeal."). Therefore, this claim fails as Huffman does not even begin to show that counsel's representation "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688, 104 S. Ct. at 2064.

Second, Huffman argues his counsel were ineffective for failing to present a "choice of evils" defense. He states that he "never intended the death of Mr. Hogg . . . and only engaged in unlawful conduct to avoid the 'beating' he was going to receive at the hand of the alleged victims." However, as the circuit court aptly stated in the Supplemental Order, Huffman was not entitled to such a defense:

> First, under section (1) the defense is not available for intentional homicide. Section (2) makes the defense available only "when the defendant believes . . . [his conduct] to be necessary to avoid an imminent public or private injury <u>greater</u> than the injury which is sought to be prevented by the statute defining the offense charged . . . " (and that his belief is not wanton or reckless). Huffman stabbed Michael Hogg to death and was charged with Complicity to Murder. Huffman himself could have received no greater injury at the hands of the unarmed Michael Hogg . . . .
>
> Moreover, the choice of evils defense requires an imminent threat with no reasonable and viable alternative to criminal conduct . . . . *Senay v. Commonwealth*, 650 S.W.2d 259, 260 (Ky. 1983). . . . Huffman and his co-defendants had cell phones. . . . From the time the two parties encountered each other inside the bar and began arguing over the missing liquor until they reached the back of [the bar], Huffman could have called the police, or

-11-

asked Smith to call the police, to intervene in the argument and thereby avoid the nightmare that followed, a point brought out during the trial. Huffman had a "reasonable and viable alternative, other than the violation of the law for he . . . [stood] charged." The record evidence conclusively fails to support a choice of evils defense, and counsel was not ineffective for not pursuing that defense.

We agree. Counsel were not ineffective for "failing" to present an inapplicable defense. Again, Huffman does not show that his counsel's representation "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688, 104 S. Ct. at 2064.

Third, Huffman argues that his trial counsel were ineffective for failing to "properly present self-protection and imperfect self-protection and therefor[e] the trial judge refused to give such on jury instructions." However, again, Huffman's issue is rooted in the court's refusal to give the jury self-defense instructions, not with this counsel's ineffectiveness. Again, Huffman's counsel tendered self-defense jury instructions, but the court refused to allow them. As such, Huffman's issue with jury instructions was *not* due to the ineffective assistance of counsel but is with the circuit court's denial of those instructions and was appropriate for his direct appeal, not his RCr 11.42 motion. *Martin*, 203 S.W.3d at 175; *Teague*, 428 S.W.3d at 633. It bears repeating, Huffman does not show that his counsel's representation "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688, 104 S. Ct. at 2064.

Finally, the court did not abuse its discretion denying an evidentiary hearing because the issues, as presented, could be conclusively resolved by an examination of the record. *Knuckles v. Commonwealth*, 421 S.W.3d 399, 401 (Ky. App. 2014) (citations omitted).

## IV.    CONCLUSION

Therefore, we find no abuse of discretion in the circuit court's denial of Huffman's request for postconviction relief. As such, we AFFIRM the Letcher Circuit Court.

ALL CONCUR.


BRIEF FOR APPELLANT:

James R. Huffman, IV, *pro se*
LaGrange, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Matthew R. Krygiel
Assistant Attorney General
Frankfort, Kentucky